William SPANG, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–88–243–CR.

Court of Appeals of Texas,
Austin.

Dec. 6, 1989.

Linda Icenhauer–Ramirez, Austin, for appellant.

Ronald Earle, Dist. Atty., Patricia H. Robertson, Asst. Dist. Atty., Austin, for appellee.

Before EARL W. SMITH *,
GAMMAGE and JONES, JJ.

* Before Earl W. Smith, Justice (Retired) Third Court of Appeals, sitting by assignment. *See*

Tex.Gov't Code Ann. § 74.003 (1988).

EARL W. SMITH, Justice.

A jury found appellant guilty of intentionally or knowingly causing serious bodily injury to a child. Tex.Pen.Code Ann. § 22.04 (1989). The jury assessed punishment at imprisonment for life.

The events giving rise to this prosecution are described in appellant's written confession as follows:

On Friday, April 1, 1988 Carmen [appellant's wife] left to go to work. I was alone with Jeremy [appellant's six-week-old son] at our apartment at about 8:00 p.m. I was there alone and upset, Jeremy woke up and started to fuss. I was feeding him and was upset. I took the bottle from his mouth while cradling him with his head in the bend of my arm between the bicep and forearm, my other arm was underneath his buttocks and squeezed him. I was sitting on the floor with my back against the water bed and squeezed with both arms several times 3 or 4 maybe 5, hard enough to injure him. If he has broken ribs this is probably when it happened. I then laid him on the floor. I was trying to keep him from crying. I picked him up and dropped him on the water bed about 8 to 10 times from a distance of 2½–3′. He landed on his back each time. I then laid him down and he stopped crying. He started again and I held him with my hands under the arm pits and shook him. He stopped crying, I don't know he may have passed out. He started crying again and I held him by his head in both hands and shook him violently, left to right and back and forth. I shook him hard enough to cause injury and then laid him down again. I put a pillow over his head and started moving it left to right across his face. I then put my hands under the pillow and pushed him numerous times down into the water bed. The thrusting could have caused him injury. I got a hold of myself and stopped and removed the pillow. Jeremy was covered with sweat. I decided to rince [sic] him off in the shower. When I had rinced [sic] the sweat off and shut the water off I dropped Jeremy from a height of about 1½ feet and I dropped him accidenly [sic] and he fell into the tub. He hit so hard he bounced. He cried and I dried him off, put on his diaper, T-shirt and sleeper and held him the rest of the night. I did not want to kill him but I know my acts could have caused his death. I didn't tell Carmen or the doctors about this.

According to the medical testimony, appellant's acts caused severe, permanent injury to Jeremy's brain. As a result, he is mentally retarded, blind, and suffers from a form of cerebral palsy called spastic quadraplegic. He is likely to remain totally dependent on others for the rest of his life.

■ In one point of error, appellant contends the State failed to disprove the allegedly exculpatory statement in appellant's confession, "I was trying to keep him from crying." The exculpatory statement rule on which appellant relies was repealed by the adoption of Tex.R.Cr.Evid. 607 (Pamph. 1989). *Ibanez v. State*, 749 S.W.2d 804, 807 n. 3 (Tex.Cr.App.1986); *Gale v. State*, 747 S.W.2d 564, 566 (Tex.App.1988, no pet.); *Stills v. State*, 728 S.W.2d 422, 428 (Tex.App.1987, no pet.). In any event, this statement of motive is not inconsistent with a finding of guilt. The point of error is overruled.

■ We also overrule appellant's point of error complaining of the sufficiency of the evidence, in which he alleges that the State failed to prove the requisite culpable mental state. It was undisputed at trial that appellant committed the charged conduct and that this conduct caused serious bodily injury to the victim. The only issue was appellant's mental state at the time, and the charge included instructions on the lesser offenses of reckless and negligent injury to a child. The jury could reasonably conclude from appellant's confession that he intended to cause serious bodily injury, or that he was aware that his conduct was reasonably certain to cause such injury. Tex.Pen.Code Ann. § 6.03(a), (b) (1974).

In another point of error, appellant complains that, in its charge to the jury at the guilt stage, the trial court did not limit the definitions of the four culpable mental

states to that aspect of each which relates to the result of the conduct. The definitions given the jury are those found in § 6.03(a)–(d), without alteration.

■ Injury to a child is a "specific result" offense; that is, the culpable mental state relates not to the nature of or circumstances surrounding the charged conduct, but to the result of the conduct. *Beggs v. State*, 597 S.W.2d 375 (Tex.Cr. App.1980). In such a case, the trial court errs if it refuses to appropriately limit the definitions of the culpable mental states when requested to do so. *Alvarado v. State*, 704 S.W.2d 36 (Tex.Cr.App.1985). Appellant, however, made no such request, nor did he otherwise object to the charge.

*Alvarado* does not hold, and we are cited to no case holding, that the definitions of the culpable mental states should be tailored to the particular offense on trial even if no request or objection is made. While this might be the better practice, it does not necessarily follow from *Alvarado* that a charge that, without objection, tracks § 6.03 in defining the culpable mental states is erroneous.

■ Assuming, however, that there was error in the definitional portion of this charge, we find that the error did not cause egregious harm to appellant. *Almanza v. State*, 686 S.W.2d 157, 160 (Tex.Cr.App. 1985) (opinion on rehearing). Appellant did not testify or otherwise offer affirmative evidence that he did not intend or was unaware that his conduct would cause serious bodily injury. During argument at the guilt stage, the prosecutor discussed the definitions of the four culpable mental states as set out in the charge, then concluded, "I urge you to go back in that jury room and find him guilty of the offense of knowingly and intentionally causing serious bodily injury to Jeremy Spang...." This argument correctly related the culpable mental state to the result of appellant's conduct. Given the weight of the evidence, and in the absence of any apparent misstatement or confusion as to the proper standard of culpability, this Court finds that the error, if any, in the court's charge did not result in the denial of a fair and impartial trial. *Almanza v. State, supra* at 171.

■ Finally, appellant contends the district court erred by admitting in evidence State's exhibits eleven and twelve, both of which consist of documents by which the State sought to demonstrate appellant's prior criminal record. Tex.Code Cr.P.Ann. art. 37.07, § 3(a) (Supp.1989). Both exhibits contain jail booking records with fingerprints proved to belong to appellant. The booking records do not, however, bear cause numbers corresponding to the judgments of conviction found in the exhibits. Appellant objected to the admission of the exhibits on the ground that he was not shown to be the person convicted.

The jail record in exhibit twelve reflects that appellant was arrested in Travis County on September 7, 1986, for driving while intoxicated. The jail record also bears the offense number 86–0225052, and this handwritten notation: "3/30/87—30 day co jl/fine 300.00." Exhibit twelve also contains copies of the complaint, information, and judgment of conviction in Travis County cause number 270–379. The complaint and information charge William Leonard Spang with the offense of driving while intoxicated, first offense, allegedly committed on September 7, 1986; the complaint also bears the offense number 86–0225052. The judgment states that on March 20, 1987, William Leonard Spang was convicted of driving while intoxicated, first offense, and sentenced to thirty days in jail and a $300.00 fine. We hold that the identity of name, offense, date of offense, offense number, and disposition are sufficient to support the conclusion that the jail record in exhibit twelve corresponds to the judgment of conviction in cause number 270–379, and therefore to establish that appellant was the person convicted. *Human v. State*, 749 S.W.2d 832 (Tex.Cr.App. 1988); *Jones v. State*, 500 S.W.2d 661 (Tex. Cr.App.1973).

The jail record in exhibit eleven reflects that appellant was arrested in Comal County on July 13, 1986, for driving while intoxicated. The exhibit also contains the judgment of conviction in Comal County cause

number 86–794, which states that William Leonard Spang was convicted for the offense of driving while intoxicated, first offense, on August 11, 1986. The judgment recites that the offense occurred on July 13, 1986. Although this exhibit presents a closer question than does exhibit twelve, we hold that the identity of name, offense, and date of offense are sufficient to support the conclusion that the jail record in exhibit eleven corresponds to the judgment of conviction in cause number 87–794, and therefore to establish that appellant was the person convicted. *Human v. State, supra; Jones v. State, supra.*

The judgment of conviction is affirmed.