**Eric Allan WESTFALL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–89–167–CR.**

Court of Appeals of Texas,
Austin.

Jan. 10, 1990.

Rehearing Denied Feb. 7, 1990.

James H. Kreimeyer, Belton, for appellant.

Arthur C. Eads, Dist. Atty., James T. Russell, Administrative Asst., Belton, for appellee.

Before SHANNON, C.J., and GAMMAGE and JONES, JJ.

PER CURIAM.

A jury found appellant guilty of intentional or knowing injury to a child. Tex. Pen.Code Ann. § 22.04 (1989). The district court assessed punishment at imprisonment for thirty years.

In his only point of error, appellant contends the district court erred by overruling his objection to the jury charge. Those portions of the charge relevant to this ground of error are as follows:

I.

A person commits the offense of Serious Bodily Injury To A Child if he intentionally or knowingly engages in conduct that causes serious bodily injury to a child who is fourteen (14) years of age or younger.

. . . . .

III.

A person acts intentionally, or with intent, with respect to a result of his conduct when it is his conscious objective or desire to cause the result.

A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

IV.

A person is criminally responsible if the result would not have occurred but for his conduct.

A person is nevertheless criminally responsible for causing a result if the only difference between what actually occurred and what he desired, contemplated or risked is that a different offense was committed.

V.

Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that the defendant, Eric Allan Westfall, on or about the 12th day of August, 1988, in the County of Bell, and State of Texas, as alleged in the indictment, did then and there intentionally or knowingly engage in conduct that caused serious bodily injury to Amber Westfall, a child younger than fourteen (14) years of age, by then and there striking the head of Amber Westfall with an object unknown to Grand Jury, by slamming the head of Amber Westfall against an object unknown to Grand Jury, or by severely shaking Amber Westfall, you will find the defendant guilty of Causing Serious Bodily Injury To A Child and so say by your verdict; but if you do not so believe or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict "Not Guilty."

In his written objection to the charge, appellant cited *Beggs v. State*, 597 S.W.2d 375 (Tex.Cr.App.1980), and *Alvarado v. State*, 704 S.W.2d 36 (Tex.Cr.App.1985), and complained that paragraph V

allows the jury to convict the Defendant if they find "The Defendant ... did then and there intentionally or knowingly engage in conduct that caused serious bodily injury to Amber Westfall...." This allows the jury to convict the Defendant upon the nature of his conduct rather than the result of his conduct.

In arguing his objection before the court, appellant expressed his objection as follows:

The Defendant's objection to the Court's Charge, number one, we are objecting to paragraph five of the Court's Charge because it allows the jury to convict the Defendant, Eric Allan Westfall, if they find that the—the Defendant did then and there intentionally or knowingly engage in conduct that caused bodily injury to Amber Westfall.

In other words, it allows the jury to convict the Defendant upon the nature of his conduct rather than the result of his conduct as is in the Bates [Beggs] case and the Alvarado case indicate that this type of offense is a result type offense and not a conduct offense. And by the very terms of the charge it's allowing the jury to convict for conduct rather than result. And on that basis we object to the Court's charge.

THE COURT: What is the State saying?

MR. BARINA: Yes, your Honor, in response to Mr. Kreimeyer's objections the State's position on that objection, your Honor, is that the Indictment in this case tracks 22.04 injury to a child.

The charge itself, the charging paragraph, paragraph five, tracks the Indictment.

I understand Mr. Kreimeyer's objection; however, that particular objection has been taken up on appeal to the Court of Appeals and been overruled and we would propose that the Charge remain as it is, your Honor.

THE COURT: Okay. Mr. Kreimeyer, I'm going to deny your objection.

■ Under § 22.04, a person commits an offense if he "intentionally [or] knowingly ... engages in conduct that causes to a child who is 14 years of age or younger ... serious bodily injury." Notwithstanding the phrase "engages in conduct that," injury to a child is a "specific result" offense; that is, the culpable mental state relates not to the nature of or circumstances surrounding the charged conduct, but to the result of the conduct. *Beggs v. State, supra.* It is appellant's argument that by failing to remove the reference to conduct from the application paragraph, the trial court left open the possibility of the jury convicting him on a finding that he intentionally or knowingly engaged in the conduct that resulted in the injuries to his daughter, rather than on a finding that he intentionally or knowingly caused the injuries.

In several opinions, the Court of Criminal Appeals has indicated that in a prosecution under § 22.04, the trial court must, upon objection or request by the accused, clearly instruct the jury that the culpable mental states relate to the result of the defendant's conduct rather than to the conduct itself. In *Beggs*, it was held that the trial court should have given a requested instruction to acquit if the jury found that, through mistake of fact, the defendant reasonably believed that her actions would not harm the victim and therefore did not possess the required culpable mental state. In *Alvarado*, it was held that the trial court should have complied with the defendant's request that the definitions of the culpable mental states be limited to that aspect of

each which relates to the result of the conduct. And in *Kelly v. State,* 748 S.W.2d 236 (Tex.Cr.App.1988), it was held that the trial court erred by refusing a special instruction to acquit unless the jury found that it had been the defendant's conscious desire to cause serious bodily injury, or that he had been aware that his conduct was reasonably certain to cause such injury.

In *Brown v. State,* 725 S.W.2d 801, 809 (Tex.App.1987), vacated and remanded on other grounds, 761 S.W.2d 4 (Tex.Cr.App. 1988), this Court was confronted with a point of error identical to that brought forward by appellant. However, there had been no objection to the charge at trial, and this Court concluded that the application paragraph, which was substantially the same as that in this cause, was not *fundamentally* defective. *See also Spang v. State,* 781 S.W.2d 713 (Tex.App.—Austin 1989).

In *Phillips v. State,* 753 S.W.2d 813, 814 (Tex.App.1988, pet. ref'd), another prosecution under § 22.04, the defendant *did* object to the application paragraph at trial, which objection was overruled. This Court affirmed the conviction, noting that the charge contained this instruction:

> The use of the phrase "intentionally and knowingly engage in conduct that caused serious bodily injury" should be taken to mean and is an allegation that it was the Defendant's conscious objective or desire to cause serious bodily injury and that the Defendant was aware that his conduct was reasonably certain to cause serious bodily injury.

We concluded that the charge, read as a whole, correctly apprised the jurors that they were required to find that the defendant intentionally or knowingly caused the injury to the victim.

■ Unlike the defendant in *Brown*, appellant brought to the district court's attention his complaint that the charge did not clearly inform the jury that injury to a child is a result offense. Unlike the trial court in *Phillips*, the court below did not instruct the jury as to the proper under-

standing of the phrase "engage in conduct that caused serious bodily injury." We therefore hold, in light of the Court of Criminal Appeals opinions discussed above, that the district court erred by failing to cure the ambiguity in the application paragraph upon Appellant's objection, either by deleting the words "engage in conduct that" or by giving a special instruction on the meaning of this phrase.

After approximately one hour of deliberation, the jury sent the court the following note:

> Question about Article III—the meaning of "intent." Does the state have to prove that defendant committed the act of striking the child *or* does state have to prove defendant intended to cause the results ie. the physical damage.

The court responded in writing by advising the jury that "I cannot answer the questions" and urging the jurors to "apply the charge as written."

The note to the court clearly indicates that the jury did not understand whether injury to a child is a conduct or result offense. The court's advice to apply the charge as written was unlikely to end the jury's confusion given the contrast between paragraph III, where the culpable mental states were defined in terms of result only, and paragraph V, where the jury was instructed to convict if it found that appellant intentionally or knowingly "engaged in conduct" that caused serious bodily injury. Moreover, the instruction on causation in paragraph IV was likely to lead the jury to the wrong conclusion by suggesting that appellant was to be held criminally responsible if the result would not have occurred but for his conduct. Under the circumstances, we cannot conclude that the charge error was harmless. Tex. R.App.P. 81(b) (Pamph.1989); *Almanza v. State,* 686 S.W.2d 157, 160 (Tex.Cr.App. 1985) (opinion on rehearing).

The judgment of conviction is reversed and the cause is remanded for a new trial.