Sharp 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-108-CR





JEFFREY LEE SHARP,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF BLANCO COUNTY, 33RD JUDICIAL DISTRICT



NO. 504, HONORABLE CLAYTON E. EVANS, JUDGE PRESIDING



 





 Appellant, Jeffrey Lee Sharp, was convicted of reckless injury to a child. See Act
of May 27, 1991, 72nd Leg., R.S., ch. 497, § 1, 1991 Tex. Gen. Laws 1742, 1742-43 (Tex.
Penal Code Ann. § 22.04, since amended). The offense was enhanced to a first degree felony due
to prior convictions, and appellant was sentenced to twenty years' confinement in the Texas
Department of Criminal Justice, Institutional Division. We will affirm the conviction.

 On September 9, 1991, appellant's daughter, Ivry Mae Sharp, was struck by a
vehicle while walking with her father on U.S. Highway 281 near Burnet, Texas. Whether Ivry
was on or off the road when she was struck was contested at trial. Ivry suffered a deep cut in her
head, but appellant was uninjured. The vehicle, described by appellant as a brown van, was never
located.

 A passing driver picked up appellant and Ivry, and drove them to the Red Eye
Truck Stop nearby. Paramedics were called, who transported Ivry to a hospital in Burnet. 
Appellant accompanied his daughter to the hospital in the ambulance. Ivry was next transferred
to Brackenridge Hospital in Austin, where she died as a result of her injury.

 Appellant was charged with reckless injury to a child. The charging instrument
specifically alleged that appellant



recklessly engage[d] in conduct by an act that caused serious bodily injury to Ivry
May Sharp, a child 14 years of age or younger, by placing said child in danger of
injury from automobiles on a public highway in an unlighted area after dark and
while Jeffrey Lee Sharp was under the influence of alcohol to the degree that he
was a danger to himself or others. Said act resulting in Ivry May Sharp being
struck by a motor vehicle.



At trial, appellant contended that he was not walking with his daughter on the paved roadway, but
in the bar ditch beside the road, and that a van had swerved off the road, hit them, and knocked
them both to the ground. The State presented evidence that appellant was intoxicated and had
been walking with his daughter in the middle of the roadway shortly before the accident. The
jury, having received instructions that mirrored the charging instrument, found appellant guilty
as charged. Appellant raises five points of error.

 In his first and second points of error, appellant challenges the sufficiency of the
evidence in the record supporting the jury's verdict. (1) Appellant asserts that "[a]ll evidence
presented at trial was that [appellant] and Ivry Sharp were standing in the bar ditch, in a perfectly
legal spot, when a van swerved off the road and struck Ivry in the head with the side mirror." 
Furthermore, appellant contends that the State presented absolutely no evidence that appellant was
"under the influence of alcohol to the extent that he was a danger to himself or others."

 In reviewing the evidence, we must determine whether, viewing the evidence in
the light most favorable to the conviction, any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319
(1979). The jury can accept or reject any or all of a witness' testimony. Hemphill v. State, 505
S.W.2d 560, 562 (Tex. Crim. App. 1974). We may not resolve issues of evidence sufficiency
as a super or thirteenth juror, reweighing the evidence; instead, we act only "as a final,
due-process safeguard ensuring only the rationality of the fact finder." Moreno v. State, 755
S.W.2d 866, 867 (Tex. Crim. App. 1988). The standard of review is the same for direct and
circumstantial evidence cases. Geesa v. State, 820 S.W.2d 154, 161 (Tex. Crim. App. 1991).

 Viewing the record in this light, it is not at all clear that appellant and his daughter
were struck while off the roadway. A Department of Public Safety trooper who investigated the
scene found no tire tracks indicating that a vehicle had gone off the road. The trooper and other
investigating officers found a stain of blood on the grass about six inches off the pavement near
where the accident occurred. To the north of the blood stain, broken glass and a rubber gasket
that had been part of a side view mirror were found; the debris was located on the pavement. 

 Furthermore, testimony from two witnesses indicates that appellant was walking
with his daughter on the roadway shortly before the accident. The record indicates that the
ambulance was called to the Red Eye Truck Stop at some time between 8:15 p.m and 9:00 p.m. 
Patsy Sharp, appellant's distant cousin, testified that she encountered appellant on F.M. 962,
which intersects Highway 281 near where the accident occurred, between 8:10 and 8:15 p.m. 
Patsy Sharp testified that appellant "was going back and forth on the yellow line." Patsy Sharp
testified that she had slowed down as she approached appellant and his daughter. As she came
closer and to a near stop, she recognized appellant, who crossed the road in front of her car while
carrying his daughter on his shoulder.

 Another witness, John Bierli, also encountered appellant and his daughter between
8:10 and 8:15 p.m. Bierli testified that he saw appellant "walking with a weave down the road." 
Bierli further testified that appellant and Ivry were holding hands, with appellant walking in the
ditch to the side of the road and Ivry walking along the edge of the pavement.

 Based upon this evidence, the jury could have reasonably inferred that Ivry was
struck while walking with her father on the roadway and that this amounted to reckless conduct
that resulted in injury to Ivry. Appellant's second point of error is overruled.

 Similarly, there is evidence in the record such that a rational trier of fact could
conclude that appellant was intoxicated to an extent that he posed a danger to himself and others. 
Numerous witnesses that encountered appellant following the accident testified that appellant
appeared to be extremely intoxicated. Barry Gamil, a patrol deputy with the Blanco County
Sheriff's Department, was the first to arrive at the Red Eye Truck Stop after the accident. Deputy
Gamil testified that he believed appellant was intoxicated based on "the smell of alcoholic
beverage about his person and on his breath."

 Bill Watson was the supervisor of the emergency medical team in Johnson City,
which arrived at the Red Eye Truck Stop ten minutes after Deputy Gamil. Watson also testified
that he noticed the smell of alcohol on appellant's breath while administering medical attention
to Ivry, later when appellant was in the ambulance, and again at the hospital. Of the two members
of Watson's team, one testified that appellant's "words were slurred like he had been drinking,"
while the other could detect no signs of drinking.

 Several other police officers noticed that appellant was intoxicated. One such
officer, Ricky Paz, an investigator with the Burnet Police Department who escorted the ambulance
to the hospital, concluded that appellant was "very intoxicated" after speaking with him at the
hospital. Officer Paz testified that appellant smelled of alcohol, had bloodshot eyes, and was very
unsteady. Officer Paz testified that he would have arrested appellant for public intoxication, but
did not do so because he felt sorry for appellant due to Ivry's injury. Another Burnet police
officer, Russell Graeter, also testified that appellant was intoxicated at the hospital. Officer
Graeter also would have arrested appellant for public intoxication, which he understood to be
"where a person is possibly a danger to himself or other persons," but did not do so because he
thought appellant "should be with [his] dying daughter."

 We conclude that the testimony from these witnesses is sufficient to support the
jury's finding that appellant was intoxicated to the extent that he posed a danger to himself and
others. Appellant's first point of error is overruled.

 In his third point of error, appellant contends that the trial court erred by "including
surplus language in the jury charge that allowed the jury to focus on the conduct and not the result
of the alleged crime." Appellant characterizes as surplusage the highlighted portion of paragraph
V:



 Now bearing in mind the foregoing instructions and definitions, if you
believe from the evidence beyond a reasonable doubt, that the Defendant,
JEFFREY LEE SHARP, on or about the 9th day of September, 1991, in the
County of Blanco and State of Texas, as alleged in the indictment, did then and
there recklessly engage in conduct by an act that caused serious bodily injury to
Ivry May Sharp, a child of 14 years of age or younger, by placing said child in
danger of injury from automobiles on a public highway in a unlighted area after
dark and while Jeffrey Lee Sharp was under the influence of alcohol to the degree
that he was a danger to himself or others, said act resulting in Ivry May Sharp
being struck by a motor vehicle, you will find the Defendant guilty of the offense
of injury to a child . . .



At trial, appellant raised the following objection to the charge:



Your honor, we object to the inclusion of that language in the charge for the reason
that it amounts to a comment on the weight of the State's evidence and further
because it tells the jury incorrectly that they could find the Defendant guilty by
some act other than his own, if the Court follows me.



The trial court overruled appellant's objection.

 Section 22.04(a) of the Penal Code provides, "A person commits an offense if he
intentionally, knowingly, recklessly, or with criminal negligence, by act or omission, causes to
a child, . . . (1) serious bodily injury; (2) serious physical or mental deficiency or impairment;
(3) disfigurement or deformity; or (4) bodily injury." Act of May 27, 1991, 72nd Leg., R.S., ch.
497, § 1, 1991 Tex. Gen. Laws 1742, 1742-43 (Tex. Penal Code Ann. § 22.04, since amended). 
This Court has explained that "injury to a child is a `specific result' offense; that is, the culpable
mental state relates not to the action of or circumstances surrounding the charged conduct, but to
the result of the conduct." Westfall v. State, 782 S.W.2d 951, 953 (Tex. App.--Austin 1990, pet.
ref'd).

 Prior to the 1991 amendment of section 22.04(a), it read, "A person commits an
offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or omission,
engages in conduct that causes to a child . . . ." Act of May 29, 1989, 71st Leg. R.S., ch. 357,
§ 1, 1989 Tex. Gen. Laws. 1441 (Tex. Penal Code Ann. § 22.04, since amended) (emphasis
added). This "engaged in conduct" language was interpreted as requiring only that the conduct
be a voluntary act of the defendant. Alvarado v. State, 704 S.W.2d 36, 38 (Tex. Crim. App.
1985). Upon timely objection or request by the defendant, the trial court was required to instruct
the jury that the culpable mental state related to the result of the defendant's conduct. Westfall,
782 S.W.2d at 953.

 In the instant case, appellant did not object to the "engaged in conduct" portion of
the charge, nor request an instruction regarding the requisite mental state under section 21.04. 
Indeed, even on appeal, appellant does not object to the "engaged in conduct" portion of the
charge, but to what he characterizes as surplus language. (2) Because appellant raised no objection
to the "engaged in conduct" portion of the charge, we may only reverse the conviction if its
inclusion amounted to fundamental error. See Brown v. State, 725 S.W.2d 801, 809 (Tex.
App.--Austin 1987), vacated and remanded on other grounds, 761 S.W.2d 4 (Tex. Crim. App.
1988). We hold that inclusion of "engaged in conduct" in the charge does not amount to
fundamental error, and therefore overrule appellant's third point of error.

 In his fourth point of error, appellant contends that the trial court erred by
excluding a statement made by the prosecutor during a news conference prior to trial, arguing that
the statement was an admission by a party opponent. Appellant sought to have the following
statement admitted, in the form of a video tape of a local television program:



We have evidence to believe that Jeffrey was possibly throwing a roofing hatchet
while playing which possibly struck the child on the head.


 There is a hammer head arrangement on a roofing hatchet which could
easily cause the blow to the top of the head.


 Until we find someone driving a van and someone who either admits or we
find evidence did cause the accident out on the highway, this is the best theory we
have.



Appellant had earlier been indicted for reckless injury to a child for allegedly throwing a roofing
hatchet near Ivry, which hit her in the head.

 Appellant contends that the statement is admissible as an admission by a party-opponent under Rule 801(e)(2)(D) of the Texas Rules of Criminal Evidence. Rule 801(e)(2)(D)
provides, "A statement is not hearsay if: . . . The statement is offered against a party and is (D)
a statement by his agent or servant concerning a matter within the scope of his agency or
employment, made during the existence of the relationship." Tex. R. Crim. Evid. 801(e)(2)(D).

 An attorney has the authority to make admissions on behalf of the client through
pleadings, by oral or written stipulations, and by formal opening statement. Edward W. Cleary,
ed. McCormick on Evidence § 267, at 791 (1984). However, such formal admissions are
distinguished from an attorney's out-of-court statements, which have been described as "merely
a loose conversation," or "casual" statements, which do not bind the client. Id.

 We cannot hold that the trial court erred by excluding the prosecutor's statement
in the instant case. First, we do not believe the statement amounts to the sort of admission
contemplated by Rule 803(e)(2). The statement publicly reveals the prosecutor's views or beliefs
regarding the evidence at that stage of the investigation, but reveals no binding admissions
relevant to the case. While we certainly do not condone prosecutors making these sorts of public
statements, based on the state of the record, we cannot conclude that the trial court abused its
discretion by excluding the evidence. Accordingly, we find no error in the trial court's exclusion
of the prosecutor's public, but out-of-court, statement. Appellant's fourth point of error is
overruled.

 In his fifth point of error, appellant complains of the trial court's admission of a
post-autopsy photograph of the victim. The photograph is a close-up showing the victim's shaved
head with the wound stitched closed. The photograph was used during the medical examiner's
testimony as to the location and size of the victim's injury, and tended to show that the victim had
been struck by a vehicle's side-view mirror.

 "Photographs `must have some probative value [which is not] substantially
outweighed by its inflammatory nature.'" Hicks v. State, 860 S.W.2d 419, 426 (Tex. Crim. App.
1993) (quoting Long v. State, 823 S.W.2d 259, 272 (Tex. Crim. App. 1991)). Photographs are
admissible if they contain subject matter appropriate for oral testimony. Hernandez v. State, 819
S.W.2d 806, 819 (Tex. Crim. App. 1991), cert. denied, 112 S. Ct. 2944 (1992); Rogers v. State,
774 S.W.2d 247, 258 (Tex. Crim. App. 1989).

 Having reviewed the photograph and the medical examiner's testimony relating to
it, we conclude that the trial court did not err in admitting it. The photograph aided the medical
examiner's description of the injury suffered by the victim, clearly relevant to the case, and this
relevance outweighed any potential to inflame the jury. Appellant's fifth point of error is
overruled.

 The conviction is affirmed.



 Mack Kidd, Justice

Before Justices Powers, Jones and Kidd

Affirmed

Filed: September 14, 1994 

Do Not Publish 

1. [1]  Appellant's first point of error reads: "The evidence is insufficient to support the jury's
finding that Jeff Sharp was under the influence of alcohol to the degree that he was a danger to
himself or others." Appellant's second point of error reads: "The evidence is insufficient to
support the jury's finding that Jeff Sharp recklessly engaged in conduct that resulted in injury
to a child."
2. [2]  The additional language actually made it more difficult for the State to obtain a guilty
verdict by specifying the particular actions of Appellant which were alleged to be reckless, and
required to be proved by the State beyond a reasonable doubt.