# NO. 12-17-00342-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JUAN CARLOS MORALES-SIERRA,* *APPELLANT* | § | *APPEAL FROM THE 294TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *VAN ZANDT COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Juan Carlos Morales-Sierra appeals his conviction for injury to a child. In one issue, Appellant argues that the evidence is legally insufficient to support his conviction. We affirm.

## BACKGROUND

Appellant was charged by indictment with injury to a child and pleaded "not guilty." The matter proceeded to a jury trial. Following the presentation of evidence, the jury found Appellant "guilty" as charged. In accordance with an agreement between the parties, the trial court sentenced Appellant to imprisonment for two years, but suspended Appellant's sentence and placed him on community supervision for five years. This appeal followed.

## EVIDENTIARY SUFFICIENCY

In his sole issue, Appellant argues that the evidence is legally insufficient to support his conviction for injury to a child. Specifically, he contends that there is no evidence that he committed the offense with the requisite mental state.

**Standard of Review and Governing Law**

The ***Jackson v. Virginia***[1] legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See **Brooks v. State***, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See **Jackson***, 443 U.S. at 315–16, 99 S. Ct. at 2786–87; *see also **Escobedo v. State***, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See **Jackson***, 443 U.S. at 320, 99 S. Ct. at 2789; *see also **Johnson v. State***, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See **Jackson***, 443 U.S. at 320, 99 S. Ct. at 2789; ***Johnson***, 871 S.W.2d at 186. A jury is free to believe all or any part of a witness's testimony or disbelieve all or any part of that testimony. *See **Lee v. State***, 176 S.W.3d 452, 458 (Tex. App.–Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006). A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See **Tibbs v. Florida***, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

Circumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to establish guilt. ***Rodriguez v. State***, 521 S.W.3d 822, 827 (Tex. App.–Houston [1st Dist.] 2017, no pet.) (citing ***Sorrells v. State***, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011)). Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *See **Hooper v. State***, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Juries are permitted to draw multiple reasonable inferences as long as each inference is supported by the evidence presented at trial. ***Id.*** at 15. Juries are not permitted to come to conclusions based on mere speculation or factually unsupported inferences or presumptions. ***Id.*** An inference is a conclusion reached by considering other facts and deducing a logical consequence from them, while speculation is mere theorizing or guessing about the possible meaning of facts and evidence presented. ***Id.*** at 16.

---

[1] 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

To prove the charges alleged in the indictment, the State was required to demonstrate that Appellant intentionally or knowingly caused bodily injury to a child under fourteen years of age. *See* TEX. PENAL CODE ANN. § 22.04(a)(3), (c)(1) (West Supp. 2017). Injury to a child is a "specific result" offense; that is, the culpable mental state relates not to the nature of or circumstances surrounding the charged conduct, but to the result of the conduct. *See Westfall v. State*, 782 S.W.2d 951, 953 (Tex. App.–Austin 1990, pet. ref'd). A person acts intentionally, or with intent, with respect to a result of his conduct when it is his conscious objective or desire to cause the result. *See* TEX. PENAL CODE ANN. § 6.03(a) (West 2011). A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result. *Id.* § 6.03(b). "Bodily injury" means physical pain, illness, or any impairment of physical condition. *Id.* § 1.07(a)(8) (West Supp. 2017).

**Evidence at Trial**

In the case at hand, Terri Baker of the Texas Department of Family and Protective Services (TDFPS) testified that on September 23, 2012, in response to a call from law enforcement, she traveled to a hospital emergency room in Kaufman, Texas. There, she observed R.S., a five-year-old child, who had injuries to his face. Baker took photographs of R.S.'s injuries, which were admitted into evidence.

Appellant's wife and R.S.'s mother, Elizabeth Cervantes, testified that she was working the night shift at a Mobil gas station in Wills Point, Texas on the night in question. Cervantes further testified that Appellant and their children came to the store that night to have dinner with her. Cervantes stated that after they ate, Appellant and the children went home, but later returned to the store to inform Cervantes that R.S. sustained a minor injury to his eye when his sister, M.C., accidentally kicked him. Cervantes stated that she went home after work, went to sleep, and when she awakened the next morning, she observed other marks on R.S.'s face in addition to the injury she observed previously. Cervantes testified that Appellant and the children went to church. She

3

testified that later that day, a police officer came to her home,[2] observed the marks on R.S.'s face, and called for medical personnel, who transported R.S. by ambulance to the hospital.

M.C. testified that she kicked R.S. in the eye while performing a cartwheel in the living room on the night in question. But M.C. stated that she did not cause the other injuries to R.S.'s face. M.C. also testified that she heard R.S. crying in Cervantes's room when Appellant was in the room alone with R.S. that night. She stated that she saw the other injuries to R.S.'s face the next morning and that no one entered R.S.'s room after he went to bed.

Wills Point Police Officer Rob Powell testified that he responded to a call regarding an injured child and made contact with R.S. at his residence. Powell further testified that R.S. had contusions on his face and, as a result, he called for emergency medical personnel, who transported R.S. to Kaufman Presbyterian Hospital. Powell stated that he contacted TDFPS and interviewed Appellant, who gave a written statement suggesting that R.S. injured himself while he was asleep. Powell further stated that he later arrested Appellant for injury to a child and Appellant made a subsequent statement while in custody that R.S was in trouble because he was not listening to Appellant at the store and Appellant "went out of control." Powell also testified that, in his statement, Appellant asserted as follows: "I agree that I have a problem. I wanna fix it. I'm really sorry. I didn't want to hurt my son. He is the world to me."

R.S. testified as the state's final witness. He identified himself in the photographs depicting his injuries, but stated he did not know how the injuries occurred or who caused them.

**Discussion**

Based on our review of the record, including the aforementioned evidence, both direct and circumstantial, we conclude that the jury reasonably could have found that Appellant sought to discipline R.S. for misbehaving at the store earlier that night. Further, based on the evidence that Appellant was alone in a room with R.S. and was "out-of-control" to such an extent that R.S.'s cries were overheard by M.C. in another room of the house, the jury reasonably could have found that Appellant subjected R.S. to some form of painful corporal discipline. Moreover, from this evidence, it is reasonable for the jury to have found that Appellant was aware that physically disciplining a five-year-old child in a pain-inducing, out-of-control manner is reasonably certain to cause the child to sustain bodily injury. *See id.* § 6.03(b); *see also Allen v. State*, 478 S.W.2d

---

[2] The record reflects that a relative, Enrique Dupree, observed the bruises on R.S.'s face during church services, became concerned for R.S.'s well-being, and called the police.

4

946, 947 (Tex. Crim. App. 1972) (stating that knowledge and intent can be inferred from accused's conduct and remarks, as well as surrounding circumstances of acts in which accused engaged). Lastly, based on the testimony concerning R.S.'s cries while he was alone with Appellant and the evidence that he had bruising on his face, the jury reasonably could have found that R.S. suffered bodily injury as a result of Appellant's conduct. *See* TEX. PENAL CODE ANN. § 1.07(a)(8); *Garcia v. State*, 367 S.W.3d 683, 688 (Tex. Crim. App. 2012) ("Any physical pain, however minor, will suffice to establish bodily injury."). Therefore, having viewed the evidence in the light most favorable to the jury's verdict, we hold that the evidence is legally sufficient to support Appellant's conviction. *See Brooks*, 323 S.W.3d at 895; *see also* TEX. PENAL CODE ANN. § 22.04(a)(3), (c)(1). Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered October 10, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### OCTOBER 10, 2018

### NO. 12-17-00342-CR

**JUAN CARLOS MORALES-SIERRA,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 294th District Court

of Van Zandt County, Texas (Tr.Ct.No. CR13-00158)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*