**Ray MORALES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1172–91.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 11, 1991.

W. Clay Abbott, Lubbock, for appellant.

Travis S. Ware, Dist. Atty., and Michael West, Asst. Dist. Atty., Lubbock, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted of injury to a child and sentenced to sixty years in the Texas Department of Criminal Justice, Institutional Division. His conviction was affirmed. *Morales v. State*, 814 S.W.2d 824 (Tex.App.1991). Appellant has filed a petition for discretionary review asserting three grounds.

In his third ground for review, appellant alleges that the Court of Appeals erred in failing to address his sufficiency claim. That court held that because he did not cite to any place in the record where the purported error occurred, his argument fails to comport with Tex.R.App.Pro. 74(f).

Appellant argues that he did adequately raise his sufficiency argument. His appellate brief reflects that in point of error four he alleged that the evidence was insufficient to prove an element of the offense because the State presented nothing to establish that he acted intentionally or knowingly. He asserted that the only evidence adduced as to his mental state indicated that his act of injuring the child was reckless. His argument set forth the correct appellate standard for a sufficiency review, with appropriate cites to authority. Appellant contends that since the record is devoid of any evidence to show he acted intentionally, he cannot direct the appellate court to evidence which is nonexistent. He also points out that Tex.R.App.Pro. 74(p) requires a liberal construction of the rules governing appellate briefs, and the court below failed to consider this rule or order him to rebrief this point, depriving him of due process.

The Court of Appeals correctly observed that Tex.R.App.Pro. 74(f) provides that an argument in an appellant's brief shall include "(1) a fair, condensed statement of the facts pertinent to such points, with reference to the pages in the record where the same may be found; and (2) such discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue." However, Rule 74(p) provides that:

> The purpose of briefs being to acquaint the court with the points relied upon, the manner in which they arose, together with such argument of facts and law as will enable the court to decide the same, a *substantial compliance with these rules will suffice in the interest of justice;* but for a flagrant violation of this rule the court may require the case to be rebriefed. (emphasis added)

We hold that appellant adequately raised his sufficiency claim before the Court of Appeals. His only fault was failing to cite to a lack of evidence in the record. His argument was otherwise sufficient as it met the purpose of briefs as set forth in Rule 74(p). Neither the court below nor the State in its reply brief cites any authority from this Court requiring appellant to provide specific citations to the record for purposes of a sufficiency review. Appellant has substantially complied with the rules such that the Court of Appeals should not have summarily dismissed his point out of hand. Rule 74(p), supra. See also, *Davis v. State*, 817 S.W.2d 345 (Tex.Cr. App.1991).

Therefore, ground number three of appellant's petition is summarily granted. The judgment of the Court of Appeals is vacated and the case is remanded to that court for consideration of appellant's sufficiency claim. Appellant's remaining grounds for review are dismissed without prejudice to refile after disposition of the remanded ground.