**Ray MORALES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 583–92.

Court of Criminal Appeals of Texas,
En Banc.

May 19, 1993.

W. Clay Abbott, Lubbock, for appellant.

Travis S. Ware, Dist. Atty. and Michael West, Asst. Dist. Atty., Lubbock, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

A jury found appellant guilty of causing injury to a child by dropping the child into a bath tub and assessed punishment at confinement for sixty years. The conviction was affirmed. *Morales v. State*, 814 S.W.2d 824 (Tex.App.—Amarillo 1991). We granted review and remanded the case to the court of appeals for consideration of appellant's challenge to the sufficiency of the evidence. We dismissed without prejudice appellant's remaining grounds for review. *Morales v. State*, 820 S.W.2d 805 (Tex.Cr.App.1991). The court of appeals found the evidence sufficient. *Morales v. State*, 828 S.W.2d 261 (Tex.App.—Amarillo 1992). We granted appellant's petition for discretionary review to address his claim that the court's charge to the jury failed to focus the jury's consideration upon the intended results of appellant's conduct. We will affirm.

The State indicted appellant, pursuant to Texas Penal Code § 22.04, for injury to a child.[1] The State alleged that appellant dropped the eight-month-old child of his girlfriend into a bathtub. The child was injured because even though water was running into the tub, the drain plug was not being used. The court's charge to the jury defined all four culpable mental states set out in § 22.04 and Texas Penal Code § 6.03. In defining each mental state, the trial court instructed the jury to consider appellant's mental state in regard to the result of appellant's conduct. In relevant part the charge stated:

---

1. Section 22.04, effective at the time appellant committed the offense, read in pertinent part:
   (a) A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or intentionally, knowingly, or recklessly by omission, engages in conduct that causes to a child....
      (1) serious bodily injury.

### 1.

Our law provides that a person commits the offense of injury to a child if he *intentionally and knowingly engages in conduct that causes serious bodily injury* [2] to a child who is younger than fifteen (15) years of age or younger.

### 2.

A person acts intentionally, or with intent, *with respect to a result* of his conduct when it is his conscious objective or desire *to cause the result.*

A person acts knowingly, or with knowledge, *with respect to a result* of his conduct when he is aware that his conduct is reasonably certain *to cause the result.*

    \*      \*      \*      \*      \*      \*

### 3.

Now bearing in mind the foregoing instructions, if you find from the evidence beyond a reasonable doubt that on or about the 31st day of December, 1989, in Lubbock County, Texas, as alleged in the indictment, the defendant, RAY MORALES, did then and there *intentionally and knowingly engage in conduct that caused serious bodily injury* to Joseph Rodriguez, a child who is younger than fifteen (15) years of age, by dropping the said Joseph Rodriguez, then you will find the defendant guilty of the offense of injury to a child by *engaging in conduct that intentionally and knowingly caused serious bodily injury* to a child who is younger than fifteen (15) years of age and so say by your verdict.

Appellant objected to the inclusion of the "engaging in conduct" language in paragraphs one and three. Citing *Alvarado v. State,* 704 S.W.2d 36 (Tex.Cr.App.1985), appellant argued that the paragraphs were not only misleading but also misstatements of the law. Despite these arguments, the trial court did not change the charge.

The court of appeals held that when the charge is treated as a whole, with the complained-of application paragraph being read in conjunction with the definitions of intentionally and knowingly, which are incorporated into the application paragraph, the jury's focus is properly directed to the result of appellant's conduct and not to the conduct itself. *Morales,* 814 S.W.2d at 827.

This Court analyzed § 22.04 and its inclusion of the "engages in conduct" language in *Beggs v. State,* 597 S.W.2d 375 (Tex.Cr. App.1980). Labeling this language "vestigial," we concluded that even with this language, the statute focused on the result of a person's conduct and not on the conduct itself. In *Beggs,* we addressed the allegations of the indictment which tracked the statute and held:

> '[1] intentionally and [2] knowingly engage in conduct that caused serious bodily injury' was an allegation (1) that it was her conscious objective or desire to cause serious bodily injury and (2) that she was aware that her conduct was reasonably certain to cause serious bodily injury. See V.T.C.A., Penal Code, Section 6.03(a) & (b).

*Id.* at 377.

We revisited *Beggs* in *Alvarado* and affirmed the reasoning that, despite the "engages in conduct" language, § 22.04 focused on the result of the accused's conduct. Therefore, the accompanying mental states must also be limited to the result of a defendant's conduct. We held that the "engages in conduct" language "is merely an expression of the voluntary act requirement of § 6.01(a) and will be so treated." *Alvarado,* 704 S.W.2d at 38.

We have, however, never addressed the issue presented by this case, i.e., whether the inclusion of the "engages in conduct" language in an application paragraph which tracks the statutory language of § 22.04 erroneously allows the jury to convict based upon conduct rather than upon the result of the conduct. Cf. *Banks v. State,* 819 S.W.2d 676 (Tex.App.—San Antonio 1991); *Westfall v. State,* 782 S.W.2d 951 (Tex.App.—Austin 1990, pet. ref'd);[3] *Phillips v. State,* 753 S.W.2d 813 (Tex.App.— Austin 1988, pet. ref'd); *Brown v. State,*

---

**2.** All emphases are those of the author unless otherwise noted.

**3.** As an aside, we note that *Westfall* differs from the other cases in the string citation. In *West-*

725 S.W.2d 801 (Tex.App.—Austin 1987), vacated and remanded on other grounds, 761 S.W.2d 4 (Tex.Cr.App.1988). In *Alvarado* and *Beggs*, we held that the statutory language of § 22.04 focuses upon the result of the accused's conduct. Therefore, we have consistently held that because § 22.04 is a result-oriented offense, the culpable mental states that apply must be defined in the court's charge to direct the jury's attention to the results of a defendant's conduct. *Haggins v. State*, 785 S.W.2d 827 (Tex.Cr.App.1990); *Kelly v. State*, 748 S.W.2d 236 (Tex.Cr.App.1988). The reasoning of *Alvarado* and *Beggs* cannot be ignored in examining the application paragraph which 1) tracks the statutory language, 2) incorporates the definitions of the culpable mental states in the charge, and 3) directs the jury's attention to the result of appellant's conduct.

In *Beggs*, we were faced with an indictment which tracked the statutory language of § 22.04 by including the "engages in conduct" language. That indictment was not rendered defective by its allegation that the appellant's conscious objective or desire was to cause serious bodily injury. Nor was that indictment rendered defective by its allegation that the appellant was aware that the conduct was reasonably certain to cause serious bodily injury.[4] Since such an indictment failed to be defective, we conclude in this case that there is no defect in the application paragraph of the charge because it employs identical words and limits application of those mental states to the result of the conduct by reference to the definitions of the culpable mental states. Furthermore, since in *Alvarado*

we held that the "engage in conduct" language is a recitation of the voluntary act requirement, we conclude in this case that the inclusion of that language in the application paragraph fails to render the charge erroneous because the charge both tracks the statute and includes language that directs the jury to consider appellant's culpable mental state in regard to the result of his conduct. While it may be true that deletion of the statutory phrase "engages in conduct" or an explanation thereof would better focus the application paragraph on the result of appellant's conduct,[5] see *Phillips*, supra, we conclude, giving due consideration to the interpretation given § 22.04 by *Alvarado* and *Beggs*, that the charge in the instant case is correct because the application paragraph tracks the statute and the culpable mental states are properly limited to result. Accordingly, the judgment of the court of appeals is affirmed.

CLINTON, J., dissents.

MILLER, Judge, concurring.

I believe that since the definitions of knowingly and intentionally were restricted to result in the court's charge, the "engage in conduct" language did not mislead the jury. If appellant was concerned about how the jury might construe that language, then final argument would be the time to clear that up. With these remarks, I concur.

---

*fall*, the trial court had included a causation paragraph that read:

> IV.
> A person is criminally responsible if the result would not have occurred but for his conduct.
> A person is nevertheless criminally responsible for causing a result if the only difference between what actually occurred and what he desired, contemplated or risked is that a different offense was committed.

782 S.W.2d at 952. The court of appeals held that "the instruction on causation in paragraph IV was likely to lead the jury to the wrong conclusion by suggesting that appellant was to be held criminally responsible if the result

would not have occurred but for his conduct." *Id.* at 954. No such causation paragraph was submitted in *Banks, Phillips,* or *Brown.*

4. Indeed, the only reversible error in *Beggs* was "[t]he trial court's refusal to give a charge that applied the law of mistake of fact to the very facts of the case, over the appellant's objection and in the face of a properly requested charge, ..." 597 S.W.2d at 380.

5. Section 22.04 was amended, effective September 1, 1991, to delete the "engages in conduct" language. Presumably, this will eliminate any future claims of ambiguity concerning result and conduct.