**Terry HAWKINS, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–91–422–CR.**

Court of Appeals of Texas,
Fort Worth.

June 9, 1993.

Rehearing Denied July 13, 1993.

Stuart C. Shelton, Bowie, for appellant.

Patrick Morris, Dist. Atty., and Tim Cole, Asst., Decatur, for appellee.

Before FARRIS, LATTIMORE and WEAVER, JJ.

## OPINION

FARRIS, Justice.

Terry Hawkins appeals his conviction for injury to a child by omission and complains the indictment was defective, photos of the infant attached to various life support machines were more prejudicial than probative, and he had no lawful means of removing the child from its mother. Because there is no evidence Hawkins willfully injured the child, we sustain Hawkins' fourth point of error and reverse the trial court's judgment.

The victim in this case is a seven-week-old boy. Teresa Hutchins is his mother and Hawkins is not his father. Hawkins lived with Hutchins and *her* two children. Hawkins and Hutchins have never been married to each other.

On April 5, 1991, Hutchins swung her child by its feet and struck its head against the arm of a couch causing the child permanent brain damage.[1] Hawkins was present during this and other occurrences.[2] Hawkins was convicted of injury to a child and he received a sentence of twenty years.

Hawkins was convicted under the following indictment:

> Terry Hawkins ... did then and there intentionally and knowingly, by omission, engage in conduct that caused serious bodily injury to ... a child younger than fourteen (14) years of age, by failing to provide protection for the said [child], to-wit: by failing to *remove* the said [child] from the presence of Teresa Hutchins aka Teresa Hawkins when he knew that

---

1. Hutchins pled guilty to the charge of injury to a child and was sentenced to two life sentences.

2. There were three other occurrences. On one occasion Hutchins picked the baby up from the sofa by the shirt and dropped it back down to keep it quiet. On another occasion the baby was lying on the sofa and would not take its bottle and Hutchins grabbed it by the shirt collar and tossed it against the corner of the sofa, three different times. On the occasion preceding the one causing brain damage, the baby was crying and Hutchins picked it up and let it drop four feet to the blanket below.

Teresa Hutchins aka Teresa Hawkins was a threat to the health and safety of the said [child], and Terry Hawkins had then and there assumed care, custody, and control of [the child]. [Emphasis added.]

This indictment and the jury charge define omission as Hawkins' failure to *remove* the child from its mother's presence. Because Hawkins cannot be convicted for this omission, unless he had a duty to remove the child, the State advanced a familial relationship theory. *Smith v. State*, 603 S.W.2d 846, 847 (Tex.Crim.App. [Panel Op.] 1980).

Regardless of whether the State proved this theory, Hawkins had no legal means to remove the child because he was not the child's father, was not Hutchins' husband, and had not lived with the child for more than six months when. the incident occurred. *See* TEX.FAM.CODE ANN. § 11.-03(a)(8) (Vernon Supp.1933) (A suit to affect the parent-child relationship may be brought by a person who has had actual possession and control of the child *for at least six months* immediately preceding the filing of the petition). In essence, the State is asking this court to impose upon Hawkins parent-child duties without the benefit of the family code remedies. We cannot do this because when the accused is unable to perform the act which he is accused of omitting, he lacks the necessary mens rea for the offense. *See Montgomery v. State*, 376 S.W.2d 839, 841 (Tex.Crim.App.1964). Point of error four is sustained.

The trial court's judgment is reversed because the evidence does not sustain conviction for injury to a child. The cause is remanded to the trial court with an order to enter a judgment of acquittal. *See Burks v. U.S.*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).