**Terry HAWKINS, Appellant,**

v.

**The STATE of Texas, State.**

No. 2–91–422–CR.

Court of Appeals of Texas, Fort Worth.

Nov. 9, 1995.

Stuart C. Shelton, Midland, for Appellant.

Barry S. Green, District Attorney, Lindy Borchardt, Asst. District Attorney, Decatur, for Appellee.

Before LIVINGSTON, DAUPHINOT and BRIGHAM, JJ.

## OPINION ON REMAND

BRIGHAM, Justice.

We assess whether a person can be held criminally responsible for injury to a child at the hands of a parent where the defendant has done nothing more than observe the assault. Terry Hawkins brings four points of error challenging his conviction for injury to a child by omission. TEX.PENAL CODE ANN. § 22.04 (Vernon 1994). He claims the trial court erred in failing to grant his Motion in Arrest of Judgment, in overruling parts of

his Motion to Quash the Indictment and in overruling his objections to various trial exhibits. We affirm.

## FACT SUMMARY

Hawkins lived with Teresa Hutchins and her two children. Although Hawkins and Hutchins had not ceremonially married, they both moved to Wise County, Texas, so that Hawkins could look for work. Hutchins used Hawkins' last name as her own and Hawkins claimed her children as his own. Hawkins found a job, provided for Hutchins and her children, and disciplined Hutchins's older child, a daughter.

Hawkins, over a period of time, observed several acts of abuse inflicted by Hutchins on R___, her then-seven-week-old son. The final incident of abuse occurred on April 5, 1991, when Hutchins swung R___ by his feet and struck him against the arm of the sofa as Hawkins watched. Hawkins called an ambulance after realizing that R___ was not breathing and later signed the medical consent form authorizing treatment at Cook–Fort Worth Children's Hospital. R___ sustained severe brain damage and remains in a persistent vegetative state. Hutchins pled guilty and was sentenced to two life terms.

## PROCEDURAL HISTORY

Hawkins was convicted of injury to a child by omission. Specifically, a Wise County jury found that he had failed to remove R___ when he had assumed care, custody, and control of the infant. TEX.PENAL CODE ANN. § 22.04(a)–(b) The jury then assessed punishment at confinement for twenty years in the Institutional Division of the Texas Department of Criminal Justice. This court previously held that, under section 11.03(a)(8) of the Texas Family Code, Hawkins had no "duty" to remove the child from the presence of Hutchins and reversed Hawkins's conviction. *Hawkins v. State*, 855 S.W.2d 881, 882 (Tex.App.—Fort Worth 1993). The Court of Criminal Appeals reversed, noting that, because the State had prosecuted Hawkins under section 22.04 of the Penal Code, it did not have to prove Hawkins had a duty under the Family Code to protect the child. *Hawkins*

*v. State*, 891 S.W.2d 257, 259 (Tex.Crim.App. 1994).

## POINT OF ERROR ONE

In his first point of error, Hawkins complains the trial court erred in failing to grant his Motion in Arrest of Judgment. The indictment and jury charge both allege that Hawkins "fail[ed] to remove the said R___ Hutchins from the presence of Teresa Hutchins...." In his Motion in Arrest of Judgment, Hawkins argued that there was no evidence he had any rights to take possession or remove the baby from Hutchins.

■ An order overruling a Motion in Arrest of Judgment is to be treated as an order overruling a motion for new trial for purposes of giving notice of appeal. *See* TEX. R.APP.P. 34(c). The trial court's decision to deny a new trial will not be overturned absent a showing of an abuse of discretion. *State v. Gonzalez*, 855 S.W.2d 692, 696 (Tex. Crim.App.1993). Thus, we will review the trial court's order overruling Hawkins' motion under the abuse-of-discretion standard.

■ The penal code requires that an act or omission be voluntary before culpability attaches. *See* TEX.PENAL CODE ANN. § 6.01 (Vernon 1994). Hawkins claims that he could not have become R___'s managing conservator because he lacked standing under the Texas Family Code. *See* TEX.FAM.CODE ANN. § 11.03 (Vernon 1986 & Supp.1995). He then asserts that, [had he taken R___ away from Hutchins without becoming managing conservator], he could have faced charges for "enticing a child," TEX.PENAL CODE ANN. § 25.04 (Vernon 1994), or for kidnapping. TEX.PENAL CODE ANN. § 20.03 (Vernon 1994). He concludes that because he lacked the legal means to remove R___ from Hutchins, the State failed to prove he had the requisite mental state to commit the offense of failing to act on behalf of the child.

Hawkins implicitly concedes that he assumed "care, custody, or control" of R___ under section 22.04, because he argues only that the State never proved he had the *mens rea* to commit the offense. Specifically, he states in his brief that, "[T]he existence of an obligation not based on the Texas Family

Code does not dispense with the requirement of a culpable mental state on the part of the accused." Accordingly, we assume that Hawkins recognizes the evidence was sufficient to establish that he had assumed care, custody or control of R____. Additionally, he does not argue that he caused serious bodily injury to R____ by failing to remove him from Hutchins's presence. We further assume that for purposes of this appeal, Hawkins concedes that his failure to act resulted in R____'s serious injury and that the only contested issue before us is whether Hawkins' failure to act was voluntary as required by TEX.PENAL CODE ANN. § 6.01.

Hawkins told the jury that Hutchins had abused R____ before the date on which the baby was permanently injured. Hawkins related that Hutchins had dropped the child from a height of three or four feet and that Hawkins had told her not to treat the children that way. In his confession, Hawkins told police that Hutchins had once grabbed R____ by his collar and repeatedly thrown him against the couch. Hawkins also told police that toward the end of March, 1991, he saw Hutchins drop the baby head-first onto the floor; When Hawkins told Hutchins she was treating the baby too roughly, Hutchins responded that it was her "G—— kid and you don't worry about it."

Hawkins testified that he and Hutchins were moving to a new home on April 5, 1991. Hawkins told the jury that he saw Hutchins "wrestling with R____, trying to get him to take his bottle. And he was crying and everything." Hutchins smiled, and Hawkins went to the bathroom because he thought that everything was all right. When Hawkins returned, he saw Hutchins pick R____ up by his feet, raise him over her head, and slam him on the couch. R____ flipped and landed on his stomach. Hawkins said that if Hutchins had used more force, the baby would have bounced and landed outside the home. Hawkins left the living room and went to the new mobile home they were moving into to smoke a cigarette. He later returned to check on R____ and sat the baby in a corner on the couch. Hawkins started clearing dishes out of the cabinets but

stopped when he noticed R____ had slumped over and turned purple.

The indictment and jury charge both allege that Hawkins failed to remove R____ from Hutchins's *presence*. Hawkins was not charged with failing to remove the child from their home or from Hutchins' custody. He acknowledged being concerned that Hutchins was treating R____ too roughly at least three times before R____'s irreversible injury. He admitted that he never tried to find out whether he could report child abuse. He conceded that he made no attempt to remove R____ from Hutchins' physical possession or even stand between Hutchins and the baby knowing that there was the possibility the child would be hurt. We conclude that, given Hawkins's failure to act to protect R____, it was not an abuse of the trial court's discretion to overrule Hawkins's Motion in Arrest of Judgment. Point of error one is overruled.

## POINT OF ERROR TWO

Hawkins complains the trial court erred in overruling the second paragraph of his Motion to Quash Indictment, in which he faulted the State for failing to allege how Hawkins had assumed care, custody, or control of R____. He contends that the indictment failed to give him constitutionally required pre-trial notice of essential facts and further asserts that the trial court's error in denying his motion was harmful.

 The Penal Code provides that a person may be convicted of injury to a child by omission if the person has assumed care, custody, or control. The Penal Code further defines "care, custody, or control" as being assumed when a person "has by act, words, or course of conduct acted so as to cause a reasonable person to conclude that he has accepted responsibility for protection, food, shelter, and medical care for a child...." TEX.PENAL CODE ANN. § 22.04(d). An indictment which tracks the language of a statute is normally sufficient to provide notice to the person charged with an offense. *Thomas v. State*, 621 S.W.2d 158, 161 (Tex.Crim.App. [Panel Op.] 1980) (op. on reh'g). Terms or words which do not go to the acts or omissions of a defendant do not need to be set out

in an indictment. *Id.* The State was not required to allege the way in which Hawkins had assumed a statutory duty to act on behalf of R____; it was sufficient for the State to allege that he had assumed such a duty. Therefore, it was not error for the trial court to overrule the second paragraph of Hawkins' Motion to Quash. Point of error two is overruled.

## POINT OF ERROR THREE

Hawkins also complains that the trial court erred in overruling paragraph 1–A of his Motion to Quash Indictment, in which Hawkins claimed that the indictment failed to allege the correct culpable mental state.

■ An allegation in an indictment which tracks the language of a statute is ordinarily sufficient. *Thomas,* 621 S.W.2d at 161. We note that the language of Hawkins's indictment is virtually[1] identical to language approved by the Court of Criminal Appeals. *Beggs v. State,* 597 S.W.2d 375, 377 (Tex. Crim.App. [Panel Op.] 1980). The Court of Criminal Appeals revisited this issue in 1993, when it examined a jury charge tracking section 22.04 of the Penal Code. *Morales v. State,* 853 S.W.2d 583 (Tex.Crim.App.1993). In *Morales,* the court relied on *Beggs* in reasoning that the application paragraph of a jury charge was not erroneous when it included similar language. *Morales,* 853 S.W.2d at 585. We read the indictment as properly alleging that Hawkins intended the result of his conduct and that, consequently, the indictment properly set out the culpable mental state. It was not error for the trial court to deny Hawkins's Motion to Quash. Point of error three is overruled.

## POINT OF ERROR FOUR

Finally, Hawkins complains the trial court erred in admitting into evidence four State's exhibits because the trial court failed to balance whether the exhibits' probative value outweighed the danger of unfair prejudice,

confused the issues, misled the jury, caused undue delay or resulted in needless presentation of cumulative evidence. At issue are four photographs of R____ attached to various life support machines. Defense counsel objected to the photographs during voir dire examination of one of the State's witnesses. Defense counsel renewed his objection to the exhibits when they were offered into evidence during direct examination, but the trial court overruled the objection.

Hawkins says that the objections to the photographs concerned their inflammatory nature, and trial counsel specifically invoked rule 403 of the Texas Rules of Criminal Evidence. During the voir dire examination of the witness, the trial court asked whether the photographs accurately depicted the child, and the witness responded that they did.

■ Any examination of whether photographs should have been introduced into evidence must begin with an understanding of *Long v. State,* 823 S.W.2d 259 (Tex.Crim. App.1991), *cert. denied,* 505 U.S. 1224, 112 S.Ct. 3042, 120 L.Ed.2d 910 (1992). *Long* stands for the proposition that rule 403 favors the admission of relevant evidence and carries the presumption that it will be more probative than prejudicial. *Id.* at 271. The trial court may consider several factors in determining whether the probative value of evidence is substantially outweighed by the danger of unfair prejudice, including the number of exhibits offered, their gruesomeness, their size, whether they are in black and white or color, whether they are close-up, and whether the body depicted is naked or clothed. *Id.*

■ The complained-of photographs are small photographs showing R____ from various angles. The child is shown hooked up to various life-support machines and appears to be asleep or unconscious while undergoing intensive medical care. They are similar to those described in *Green v. State,* 840 S.W.2d

---

1. In Hawkins's indictment, it was alleged that he "intentionally and knowingly, by omission, engage[d] in conduct that caused serious bodily injury." In *Beggs v. State,* it was asserted that the defendant "intentionally and knowingly engage[d] in conduct that caused serious bodily injury." *Beggs v. State,* 597 S.W.2d 375, 377 (Tex.Crim.App. [Panel Op.] 1980). Thus, the only distinction between the two is the inclusion of the term "by omission" in Hawkins's indictment.

394, 410–11 (Tex.Crim.App.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1819, 123 L.Ed.2d 449 (1993). Although graphic, they are not gruesome, and are not of the type that horrify or shock the viewer. They depict the victim as he appeared while being treated and demonstrate the nature and severity of his injury. The trial court did not abuse its discretion in overruling Hawkins's objections.

As to Hawkins's complaint that the trial court failed to engage in the rule 403 balancing test, we note that the trial court did determine from the sponsoring witness that the pictures accurately depicted the child. The record is silent as to whether the trial court engaged in a rule 403 balancing test. Hawkins has the burden of providing us a sufficient record to show that reversible error occurred at the trial. Tex.R.App.P. 50(d). He has failed to do so, and we will not assume that the trial court failed to engage in the balancing test. Point of error four is overruled.

The judgment of the trial court is affirmed.