ADAMS V. STATE



NO. 07-96-0383-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MAY 20, 1997



______________________




JOHN QUINCY ADAMS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE



______________________



FROM THE 320TH JUDICIAL DISTRICT COURT OF POTTER COUNTY;



NO. 36,457-D; HONORABLE DON EMERSON, JUDGE


______________________




Before BOYD, C.J., REAVIS, J., and REYNOLDS, S.J. (1)


 After a jury found him guilty of the first degree felony
offense of aggravated sexual assault of a child, and assessed his
punishment at imprisonment for life, appellant John Quincy Adams
inquires whether the evidence was legally and factually sufficient
to establish the essential elements of the offense. Answering
"yes," we will affirm.


 The record reveals that on the occasion in question, the eight
year old victim was spending the night at the home of her best
friend, Elijah Barr. The two frequently spent the night at each
other's home. Appellant rented a room in the Barr home under an
arrangement with the friend's mother, Jan Barr, regarding the
household bills. He had been present on a prior occasion when the
victim spent the night in the home and nothing unusual occurred.


 In the evening, the victim and Elijah saw the movie "Hell
Raiser," during which the victim said she watched people get cut up
and saw blood. The victim reported that after she went to sleep in
a sleeping bag on the floor of Elijah's room, she woke up to find
appellant laying beside her. He started pulling down her panties
worn under her nightgown. She started to scream, but appellant put
his hand over her mouth and asked if she wanted him to hurt her. 
Appellant started kissing her "private," and touched her "tee-tee"
with his lips. She screamed, Jan Barr came in "real quick," and
got appellant out of the room.


 Jan related that while she was asleep, she was alerted by a
cry, a sudden scream. Within a short period of time, "two
seconds," she entered her son's room. She observed that her son
was asleep in his bed, that the victim was in a sleeping bag on the
floor, holding her underwear and putting it on, and that appellant,
clad in his underwear, was sitting next to the victim. Appellant
was rubbing the victim's back, saying she had a nightmare, but the
victim indicated that she was not having a nightmare.


 Jan took the victim to her room, where the victim said that
appellant had put his hand over her mouth, saying, "I don't want to
hurt you," and kissed "her privates." Jan confronted appellant,
who stated he did not do it, and repeated that the victim was
having a nightmare.


 Admitting that she had been diagnosed with mental illness, Jan
reported that she was taking Lithium, a side effect of which was
perhaps some memory loss. She also admitted to possibly drinking
two beers, even though her doctor said she should not be drinking.


 Jan called the victim's mother, Darla Gann. Upon her arrival,
appellant said that her daughter had accused him of touching her. 
Darla, who testified that she watched horror films with her
daughter and that her daughter never had any problems with
nightmares or waking up screaming, talked with her daughter and
again with appellant. Afterwards, the police were called.


 Responding to the call, Amarillo City Patrolman Darrell Wertz
went to the Barr residence and talked with Jan and Darla. 
Appellant was not there and Wertz did not talk with the victim. 
Wertz, who did not have any special training in assault matters,
did not seek a sexual assault examination of the victim. Because
there was no penetration, Wertz believed such an examination, the
purpose of which was to determine genital trauma and collect any
exchange of body fluids, was not required, albeit he agreed that
saliva would be a body fluid. After his investigation, Wertz filed
a police report.


 A videotaped interview with the victim was conducted at Bridge
Children's Advocacy Center. The interviewer was not asked to, and
did not, reveal the contents of the interview and the videotape was
not admitted into evidence.


 Appellant did not testify. During the punishment phase of the
trial, the State evinced that appellant previously was convicted in
Arizona of the three felony offenses of aggravated assault,
burglary in the second degree, and theft.


 Combining his two points of error for the purpose of argument,
appellant submits that the legal and factual insufficiency of the
evidence is shown by the following testimony: At the times he was
present when the victim spent the night at the Barr home without
watching horror movies, nothing unusual happened and no allegations
were made against him. When the victim yelled for Jan, who came
quickly, Elijah, in the bed above the victim, stayed asleep the
whole time. Jan had been diagnosed with mental illness; she was
taking Lithium with a side effect of memory loss; and she had a
couple of beers, although her doctor said she should not drink. 
The officer dispatched to the scene had no special training in
sexual assault matters and did not seek a sexual assault exam. 
And, most importantly, the victim stated she had previously met
with the prosecutor, who talked with her about the kind of
questions he was going to ask her.


 Although appellant emphasizes only that portion of the
evidence he deems favorable to his contentions, the jury had the
opportunity to consider all of the evidence before it reached its
verdict. And, before deciding appellant's challenges to the
sufficiency of the evidence to support the verdict, we have the
duty to consider all of the evidence admitted at trial. Villalon
v. State, 791 S.W.2d 130, 133 (Tex.Cr.App. 1990).


 In its consideration of the evidence, the jury, as the sole
judge of the weight of the evidence and the credibility of the
witnesses, anyone of whose testimony the jury may believe or
disbelieve in whole or in part, was not bound to credit appellant's
version of the events. Morales v. State, 828 S.W.2d 261, 263
(Tex.App.--Amarillo 1992), aff'd, 853 S.W.2d 583 (Tex.Cr.App.
1993). Instead, the jury could believe the victim's testimony that
appellant's mouth touched her genitals, as confirmed by the outcry
witness Jan. This testimony was sufficient for any rational trier
of fact to find the essential elements of the offense beyond a
reasonable doubt. Villalon v. State, 791 S.W.2d at 134; Clark v.
State, 558 S.W.2d 887, 889 (Tex.Cr.App. 1977). Appellant's first
point of error is overruled.


 Even though appellant submits that the testimony upon which he 
relies casts doubt on the factual sufficiency of the evidence to
support his conviction, this testimony was before the jury for
reconciliation with all the other evidence. When the jury
convicted appellant, it expressed its view that this evidence did
not outweigh the evidence of his guilt. Thus, the presence of the
testimony relied upon by appellant does not call for a reversal if
there is enough credible evidence to support the conviction. 
Bowden v. State, 628 S.W.2d 782, 784 (Tex.Cr.App. 1982).


 Then, in testing the factual sufficiency of the evidence, we
view all of the evidence without considering it in the light most
favorable to the prosecution. But, in doing so, we must be
appropriately deferential to the jury's verdict in order that we do
not substitute our judgment for that of the jury. Clewis v.
State, 922 S.W.2d 126, 134-35 (Tex.Cr.App. 1996). Having done so,
we cannot say that the evidence credited by the jury to establish
appellant's guilt of the crime beyond a reasonable doubt is so
contrary to the overwhelming weight of the evidence as to render
the jury's verdict clearly wrong and unjust. Appellant's second
point of error is overruled.


 The judgment is affirmed.



 Charles L. Reynolds

 Senior Justice


Do not publish. Tex. R. App. P. 90(c). 
1. Charles L. Reynolds, Chief Justice (Ret.), Seventh Court of
Appeals, sitting by assignment. Tex. Gov't Code Ann. §
75.002(a)(1) (Vernon Supp. 1997).