Affirmed and Memorandum Opinion filed June 26, 2008








Affirmed and Memorandum Opinion filed June 26, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-01032-CR

____________

 

JESSE SAM CABALLERO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 185th
District Court

Harris County, Texas

Trial Court Cause No. 1038786

 



 

M E M O R A N D U M   O P I N I O N

Appellant Jesse Caballero appeals his conviction for
murder, asserting factual insufficiency of the evidence and trial court error
in admitting evidence of appellant=s and the deceased=s conduct.  We
affirm.

I.  Factual and Procedural Background








Several neighbors in appellant=s neighborhood
heard the sound of multiple gunshots early one morning.  Some neighbors
believed the gunshots came from the direction of appellant=s home.  One
neighbor, Clemmie Terry, an off-duty state trooper, went outside to investigate
but did not see anyone fleeing the scene.  He called the sheriff=s office to
investigate.  Appellant=s sister, Sarah DeLeon, lived next door to
appellant and appellant=s wife Sylvia, and she also heard
gunshots.  DeLeon called appellant to ask about the gunshot sounds.  She later
called 9-1-1 when she learned from appellant that Sylvia had been shot.

Law enforcement officers responded to several 9-1-1 calls
regarding the gunshots and found Sylvia dead from gunshot wounds.  Her body was
lying in the driveway in front of two cars.  Autopsy reports indicate she was
shot at close-range three times in the head and chest.  Officers discovered
that appellant=s car, near Sylvia=s body, had a
broken window.  Several officers on the scene characterized appellant=s demeanor as
phony or suspicious because appellant attempted to vomit, but he also appeared
to listen intently to the officers= conversations. 

Appellant consented to a police search of his home and
cars, and police tested appellant=s hands for
gunshot residue.  In a written statement made to police, appellant explained
that when DeLeon called him, he realized his wife was not in bed with him.  He
indicated, both in his written statement and to officers at the scene, that his
wife often goes outside when she cannot sleep or to let the family dog
outside.  In searching for his wife, he found the front door was unlocked, and
the burglar bars were open with Sylvia=s keys remaining
in the lock.  Appellant went outside and discovered Sylvia on the ground,
bloodied, and he called 9-1-1 shortly thereafter.  In his statement, appellant
denied involvement in his wife=s murder, but he admitted that he had
engaged in an extramarital affair with another woman.  Appellant suspected that
Sylvia knew of the affair.  Appellant refused to sign the statement because he
feared it would make his girlfriend, Shannon McCall, Alook bad.@ 








Officers tested appellant=s clothing for
gun-powder residue and found four particles of residue on the shirt he wore on
the night of Sylvia=s murder.  The one bullet recovered from
Sylvia=s body was likely
fired from a .357 revolver or a .38 caliber revolver, which are two types of
weapons that appellant, as a police officer, used and previously owned.  Cell
phone records indicated that hours before Sylvia was shot, appellant=s voice-mail
system was accessed.  At this time, a message was transferred from appellant=s cell-phone
voice-mail system to Sylvia=s cell-phone voice-mail system.  The
message was from McCall to appellant, professing her love for him.

Appellant was charged with his wife=s murder, to which
he pleaded Anot guilty.@  A jury found him
guilty and sentenced him to forty-five years= confinement.  

II.  Issues and Analysis

A.      Is the
evidence factually sufficient to support appellant=s conviction?

In his first issue, appellant complains the evidence is
factually insufficient to support his conviction.[1] 
Appellant points to the following facts as evidence contrary to his
conviction:  (1) others, including McCall and Terry, had motive to kill Sylvia;
(2) witnesses differed in opinion as to whether Sylvia would go outside alone
at night; (3) no evidence suggests appellant owned a .357 or .38 revolver at
the time of Sylvia=s death; (4) a possible car-thief could
have murdered Sylvia; (5) the gunshot particles found on appellant=s shirt do not
indicate he fired a gun; and (6) witnesses presented conflicting testimony as
to appellant=s demeanor at the murder scene.








When evaluating a challenge to the factual sufficiency of
the evidence, we view all the evidence in a neutral light and inquire whether
we are able to say, with some objective basis in the record, that a conviction
is Aclearly wrong@ or Amanifestly unjust@ because the great
weight and preponderance of the evidence contradicts the jury=s verdict.  Watson
v. State, 204 S.W.3d 404, 414B17 (Tex. Crim.
App. 2006).  It is not enough that this court harbor a subjective level of
reasonable doubt to overturn a conviction that is founded on legally sufficient
evidence, and this court cannot declare that a conflict in the evidence
justifies a new trial simply because it disagrees with the jury=s resolution of
that conflict.  Id. at 417.  If this court determines the evidence is
factually insufficient, it must explain in exactly what way it perceives the
conflicting evidence greatly to preponderate against the conviction.  Id.
at 414B17.  Our
evaluation should not intrude upon the fact finder=s role as the sole
judge of the weight and credibility given to any witness=s testimony.  See
Fuentes v. State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999).  In
conducting a factual‑sufficiency review, we discuss the evidence
appellant claims is most important in allegedly undermining the jury=s verdict.  See
Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

For the State to prove appellant committed the offense of
murder, it was required to establish appellant intentionally or knowingly
caused Sylvia=s death.  See
Tex. Penal Code Ann. ' 19.02(b)(1) (Vernon 2003 & Supp.
2005).  Proof of a culpable mental state invariably depends on circumstantial
evidence.  Montgomery v. State, 198 S.W.3d 67, 87 (Tex. App.CFort Worth 2006,
pet. ref=d); Morales v.
State, 828 S.W.2d 261, 263 (Tex. App.CAmarillo 1992), aff=d, 853 S.W.2d 583
(Tex. Crim. App. 1993).  Mental state can be inferred from acts, words, or
conduct of the accused.  Patrick v. State, 906 S.W.2d 481, 487 (Tex.
Crim. App. 1995).  








Though no one saw appellant shoot Sylvia, evidence supports
a finding of factual sufficiency.  Several neighbors heard multiple gunshots
from the vicinity of appellant=s home and yard.  Appellant=s neighbor, Terry,
did not see anyone flee the scene after he heard the gunshots. Circumstantial evidence,
such as the evidence in this case, may be used to prove an essential element of
the offense charged.  See Moore v. State, 969 S.W.2d 4, 10 (Tex. Crim.
App. 1998).  Furthermore, appellant=s acts, words, and
conduct before and after Sylvia=s death contribute to a showing of
appellant=s culpable mental state.  See Patrick, 906
S.W.2d at 487.  The parties do not dispute that appellant was having an
extramarital affair with McCall.  Appellant indicated to McCall that he
anticipated them being Alegitimately@ together Asooner than later@ when he began to
suspect that Sylvia knew of the affair.  However, appellant=s written
statement to police, that he had no intention of leaving his wife for McCall,
offered contradictory evidence.  Additionally, circumstantial evidence of
intent is supported by the officers= characterization
of appellant=s suspicious demeanor the night Sylvia was killed.  See
id.  The jury, as the trier of fact, Ais the sole judge
of the credibility of the witnesses and of the strength of the evidence@ and may choose to
believe or disbelieve any portion of the witnesses= testimony.  Fuentes,
991 S.W.2d at 271; Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App.
1986).  Our evaluation of the evidence should not intrude upon the jury=s role as the sole
judge of the weight and credibility given the witnesses= testimony.  See
Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). 

Appellant argues that Terry, appellant=s neighbor, had a
motive to kill Sylvia because appellant=s friendship with
Terry had soured when appellant, as Terry=s landlord, failed
to make repairs on Terry=s rental home.  Similarly, appellant
argues that McCall had motive to kill Sylvia because of McCall=s extramarital
affair with appellant.  Appellant also suggests that a would-be car burglar is
the perpetrator as evidenced by the broken car window and unidentified DNA
beneath Sylvia=s fingernails.  The existence of an alternative
reasonable hypothesis may be relevant to, but is not determinative in, a
factual-sufficiency review.  Wilson v. State, 7 S.W.3d 136, 141 (Tex.
Crim. App. 1999).  Evidence is not factually insufficient simply because some
facts point to other theories or perpetrators.  See Herrero v. State,
124 S.W.3d 827, 835 (Tex. App.CHouston [14th Dist.] 2003, no pet.).  The
facts upon which appellant bases his hypotheses for Terry, McCall, and other
possible alternatives, including Sylvia=s murder at the
hands of a car burglar, are tenuous at best and do not support factual
insufficiency.  See id.








Even though appellant presented evidence that Sylvia often
went outside alone at night, the State presented four other witnesses who
offered contrary evidence.[2] 
Additionally, appellant argues no evidence supports that he currently owned the
type of gun, a .357 or .38 revolver, allegedly used in shooting Sylvia, and no
such guns were ever recovered in the ensuing investigation.  However, the
record reflects that appellant was experienced in using such firearms, and
owned such firearms, within three years prior to Sylvia=s murder. 
Finally, though the State presented evidence that four gunshot particles were
found on appellant=s shirt, appellant argues that the
presence of the particles is not enough to support a finding that he fired a
gun.  Reconciliation of any conflicts in the evidence falls within the
exclusive province of the jury.  See Heiselbetz v. State, 906 S.W.2d
500, 504 (Tex. Crim. App. 1995).

In viewing the evidence in a neutral light, we conclude the
supporting evidence is not so weak, nor is the contrary evidence so
overwhelmingly strong, as to render the verdict clearly wrong or manifestly
unjust.  See Watson, 204 S.W.3d at 414B17; Pieringer
v. State, 139 S.W.3d 713, 723 (Tex. App.CFort Worth 2004,
no pet.).  The jury was free to believe the State=s theory that
appellant shot Sylvia, especially in light of appellant=s admitted
extramarital affair with McCall and evidence suggesting that appellant planned
to be with McCall Asooner than later.@  The jury, as
trier of fact, was entitled to resolve conflicts in the evidence, to evaluate
the credibility of witnesses, and to determine the weight to be given to any particular
evidence.  See Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App.
1996).  The evidence is factually sufficient to support the jury=s verdict. 
Therefore, appellant=s first issue is overruled.

B.      Did the trial court abuse
its discretion in making evidentiary rulings?








In two issues, appellant claims reversible error in the
trial court=s decision to admit evidence that (1) Sylvia never
went outside alone at night; and (2) appellant did not attend Sylvia=s funeral.  In his
second issue, appellant contends that testimony from witnesses, that Sylvia
never went outside alone at night, was character evidence, improperly admitted
in violation of Texas Rule of Evidence 404(a) and improperly admitted as
lay-witness opinion testimony.  In his third issue, appellant complains that
evidence that he did not attend Sylvia=s funeral was
unduly prejudicial and affected his substantial rights, warranting reversal.

We review a trial court=s decision to
admit or exclude evidence under an abuse-of-discretion standard.  Torres v.
State, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002); Mozon v. State,
991 S.W.2d 841, 846 (Tex. Crim. App. 1999).  Under this standard, we reverse
only if the ruling is outside the zone of reasonable disagreement.  Montgomery
v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh=g).  If the trial
judge=s decision is
correct on any theory of law applicable to the case, the ruling will be
sustained.  Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).

Evidence
that the Complainant Did Not Go Outside Alone at Night

At trial the State offered testimony from four witnesses
that Sylvia was afraid to go outside alone at night, to which appellant objected
on Rule of Evidence 404(a) grounds.  The trial court overruled appellant=s objection. 
Texas Rule of Evidence 406 provides that

[e]vidence of the habit of a person or of the routine practice of an
organization, whether corroborated or not and regardless of the presence of
eyewitnesses, is relevant to prove that the conduct of the person or
organization on a particular occasion was in conformity with the habit or
routine practice.








See
Tex. R. Evid. 406.  In order to offer evidence of
habit, the proponent must demonstrate a regular practice of meeting a certain
situation with a specific kind of conduct.  See Dietz v. State, 123
S.W.3d 528, 532 (Tex. App.CSan Antonio 2003, pet. ref=d); Bishop v.
State, 837 S.W.2d 431, 435 (Tex. App.CBeaumont 1992), aff=d, 869 S.W.2d 342
(Tex. Crim. App. 1993).  Through the testimony of Sylvia=s best friend,
Laverne Ford, the State demonstrated that Sylvia was often frightened at night
and refused to go outside alone at night.  Ford testified that Sylvia insisted
on installing burglar bars to her home=s front entrance. 
Sylvia=s sister also
testified that Sylvia was afraid of going outside alone at night and refused to
do so.  Both Sylvia=s sister and Ford testified that Sylvia=s fear was a
running joke with them and that Sylvia often made the family=s small dog
squeeze through the burglar bars rather than risk opening the bars for the dog
to go outside at night.  Sylvia=s neighbors, Jennifer and Tom Shephard,
similarly testified to Sylvia=s conduct and added that Sylvia often
called on Shephard=s husband to check her home=s perimeter when
Sylvia heard strange sounds at night and appellant was not home.  Tom testified
that in such instances, Sylvia refused to even open the door for him and
insisted that he return to his home to call her by telephone to allay her
fears.  Jennifer explained that Sylvia never would go outside alone at night
and that all the neighbors knew this to be Sylvia=s conduct.  When
asked if Jennifer would believe someone who said Sylvia had a regular practice
of going outside alone at night, Jennifer replied that she would be surprised
to learn such information because all the neighbors knew of Sylvia=s conduct.

The State characterized the evidence as Ahabit evidence@ relevant to prove
that Sylvia=s conduct on the night of her murder was in conformity
with her habit of not venturing outside alone at night.  See Tex. R. Evid. 406.  The fact that
Sylvia was found outside in her night gown was relevant to proving she was not
alone when she went outside and that her conduct was not in conformity with her
habit.  See id.  Such evidence was relevant especially in light of
previous testimony from a law enforcement officer that on the night of Sylvia=s murder,
appellant told responding officers that Sylvia often ventured outside alone at
night when she could not sleep or needed to let the dog out.  The State
established that Sylvia=s regular habit and routine practice was
to not go outside alone at night, which is admissible habit evidence under Rule
406.  See Anderson v. State, 15 S.W.3d 177, 182B83 (Tex. App.CTexarkana 2000, no
pet.).  The trial court did not abuse its discretion in admitting such
evidence.  See id.  Accordingly, we overrule appellant=s second issue.

Evidence
that Appellant Did Not Attend the Complainant=s Funeral








Appellant complains in his third issue that the testimony
of Sylvia=s best friend, Laverne Ford, that appellant did not
attend Sylvia=s funeral, was unduly prejudicial, warranting
reversal.  Appellant relies on Fowler v. State, 118 Tex. Crim. 419, 421,
38 S.W.2d 97, 98 (Tex. Crim. App. 1931), for the proposition that little
probative value inured from admitting evidence that the defendant in that
murder case did not attend the child-victim=s funeral.  

In Fowler, the Court of Criminal Appeals held that
such evidence should have been excluded because it held little probative value
given that the defendant=s presence at the funeral would draw as
much criticism from the child=s family as his absence from the funeral
would draw from the prosecutors at trial.  Id.  The Fowler court
reasoned that such evidence may be relevant and may be admissible if relations
between the deceased and the accused are such that the accused naturally would
attend the deceased=s funeral.  Id.  The Fowler
court examined the only two other Texas cases that involved tangentially
similar evidence.  Id.  In doing so, the Fowler court explicitly
distinguished similar evidence, that a husband who stood accused of murdering
his wife but did not participate in her funeral, as being admissible.  Id. (AWe . . . do not
desire to be understood as approving the holding [in Washington v. State]
that similar evidence there was inadmissible.  Deceased in that case was the
wife of the accused and the relation was such that in our opinion the evidence
there complained of was admissible.@) (citing Washington
v. State, 46 Tex. Crim. 184, 186B87, 79 S.W. 811,
812 (Tex. Crim. App. 1904) (involving evidence of accused husband=s failure to pay
murdered wife=s burial fees)). 

Given the relationship between appellant and Sylvia, his
wife of sixteen years, appellant naturally would have attended her funeral.  See
id.  Indeed, appellant conceded as much in his brief:  AA husband
ordinarily would be expected to attend his wife=s funeral.@  In light of the
rationale in Fowler, in which the Court of Criminal Appeals specifically
explained that evidence of a husband=s failure to
participate in his deceased wife=s funeral, even
when he stood accused of murdering her, was admissible, we hold the trial court
did not abuse its discretion in admitting such evidence in the present case.  See
id.  Accordingly, we overrule appellant=s third issue.








Having overruled each of appellant=s issues, we
affirm the trial court=s judgment.

 

 

 

 

 

/s/      Kem Thompson
Frost

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed June 26, 2008.

Panel consists of
Justices Fowler, Frost, and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 









[1]  Because a factual-sufficiency review begins with the presumption that
the evidence supporting the jury=s verdict is legally sufficient, and because appellant
challenges only the factual sufficiency of the evidence, appellant effectively
concedes the evidence is legally sufficient to sustain the conviction.  See
Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997); Clewis
v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996).





[2]  In his second issue, which we address below,
appellant argues that the trial court erred in admitting evidence that Sylvia
did not go outside alone at night.  However, in a sufficiency review, a
reviewing court must consider all evidence both properly or improperly admitted
at trial that the jury was permitted to consider.  Moff v. State, 131
S.W.3d 485, 488, 489 (Tex. Crim. App. 2004).