Opinion issued June 7, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00261-CR

———————————

Derrick JERMAINE Black, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 262nd District Court 

Harris County, Texas



Trial Court Case No. 1285553

 



 

MEMORANDUM OPINION

A jury found appellant, Derrick
Black, guilty of the felony offense of injury to a child and assessed his
punishment at seven years’ confinement.  See Tex.
Penal Code Ann. § 22.04(a) (West 2011).  On appeal, Black contends that the evidence
is legally insufficient to support his conviction.  We hold that sufficient evidence supports
Black’s conviction and therefore affirm.

Background

Dominique Franklin and Derrick Black began dating in
2009.  In 2010, Black moved into
Franklin’s apartment with Franklin and her two sons, J.L.F. and J.F.  At the time, J.L.F. was eleven months old and
J.F. was five years old.  

Franklin worked during the day.  She sent J.L.F. and J.F. to daycare or to her
mother’s house while she was working.  In
May 2010, Franklin began leaving her sons with Black on days when Black did not
work. 

One day in early June, Franklin left the boys with Black at
her apartment.  When Franklin returned,
she noticed that J.L.F. had bruises and multiple bite marks covering his
body.  She asked Black if he had bitten
J.L.F., and Black admitted that he had. 
Black said he was sorry and that he did not “understand” J.L.F. and
could not “relate” to him.  

Franklin did not report the incident to the police that day,
but continued living in her apartment with Black for several days.  She did not leave immediately after the
incident or report it to the police because Black had threatened her. 

On June 10, 2010, Franklin gathered J.L.F. and J.F. and left
her apartment.  She called the police and
reported Black’s assault on J.L.F. 
Deputy Dansby responded to the call.  He met with Franklin and her two sons, J.L.F.
and J.F. in a parking lot.  When Deputy Dansby arrived, he observed apparent bite marks on J.L.F.’s
body.  Deputy Dansby
concluded that the bite marks were between three and four days old, because
some were scabbing over.  He alerted
Child Protective Services (“CPS”), and Franklin released J.L.F. and J.F. into
CPS’s care. 

          A CPS caseworker took J.L.F. to Texas
Children’s Hospital, where Dr. Ricardo Quinonez
treated him for human bite marks.  J.F.
accompanied his brother to the hospital. 
He told Dr. Quinonez that his mother’s
boyfriend had bitten J.L.F.  Dr. Quinonez opined that the size and shape of the marks
suggested that an adult had bitten J.L.F., not a child.  

          At trial, the State presented
testimony from J.F., then six years old. 
He testified that Black bit J.L.F. while Black was babysitting
them.  J.F. recalled that J.L.F. had
cried after Black bit him.  

The State also presented evidence of a prior domestic
disturbance in which Black had threatened Franklin.  According to Franklin, the couple had a
heated argument the day before Black bit J.L.F. 
During the altercation, Black threatened to hit Franklin with a
table.  In response, J.F. attempted to
dial 9-1-1.  Black chased J.F. to the
phone, and J.F. fled the apartment and reported the incident to the apartment
manager, who called the police.  Franklin
testified that she suspected that Black bit J.L.F. in retaliation for this
incident.  

Black presented no evidence in his defense during the
guilt-innocence phase of trial. 

Discussion

Standard of Review

We review all evidentiary sufficiency
challenges under the same standard.  See Brooks v. State, 323 S.W.3d 893, 895
(Tex. Crim. App. 2010) (“[T]he Jackson v.
Virginia legal-sufficiency standard is the only standard that a reviewing
court should apply in determining whether the evidence is sufficient to support
each element of a criminal offense that the State is required to prove beyond a
reasonable doubt.”) (referring to Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781(1979)).  Under this standard, evidence is insufficient
to support a conviction if, considering all the record evidence in the light
most favorable to the verdict, no rational fact finder could have found that
each essential element of the charged offense was proven beyond a reasonable
doubt. 
See Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; In re Winship,
397 U.S. 358, 361, 90 S. Ct. 1068, 1071 (1970); Laster v. State, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); Williams v. State, 235 S.W.3d 742, 750
(Tex. Crim. App. 2007).

Viewed in the light most favorable to
the verdict, the evidence is insufficient when either: (1) the record contains
no evidence, or merely a “modicum” of evidence, probative of an element of the
offense; or (2) the evidence conclusively establishes a reasonable doubt.  See Jackson, 443 U.S. at 314, 318 n.11, 320, 99 S. Ct. 2786,
2789 n.11; Laster,
275 S.W.3d at 518; Williams, 235
S.W.3d at 750.  This standard
applies equally to both direct and circumstantial evidence.  King v. State, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995).

We do not weigh any evidence or
evaluate the credibility of any witnesses, as this was the function of the
fact finder.  Williams, 235 S.W.3d at 750.  Instead, we determine whether both the
explicit and implicit findings of the fact finder are rational by viewing all
the evidence admitted at trial in the light most favorable to the verdict and
resolving any inconsistencies in the evidence in favor of the verdict.  Adelman v. State, 828 S.W.2d 418, 422 (Tex. Crim. App. 1992).

Injury to a Child

Black contends that the evidence is insufficient to prove
that he intentionally or knowingly injured J.L.F.  Injury to a child is a “result of conduct”
crime and he claims that insufficient evidence supports a finding that he
intended to cause the result of his conduct—bodily injury to J.L.F.

A person commits an offense of injury to a child if he
intentionally, knowingly, recklessly, or with criminal negligence, causes
bodily injury to a child under fifteen years of age.  Tex. Penal Code Ann. § 22.04(a).  Injury to a child is a “result of conduct”
offense.  Morales v. State, 853 S.W.2d 583, 584
(Tex. Crim. App. 1993) (en banc); Alvarado
v. State, 704 S.W.2d 36, 39 (Tex. Crim. App. 1985).  This means that the culpable mental state
relates to causing the injury rather than engaging in the conduct.  See Cook
v. State, 884 S.W.2d 485, 490 (Tex. Crim. App. 1994).
 A person acts intentionally when “it is
his conscious objective or desire to engage in the conduct or cause the
result.”  Tex. Penal Code Ann. § 6.03(a) (West 2011).  A person acts knowingly with respect to a
result of his conduct when “he is aware that his conduct is reasonably certain
to cause a result.”  Id. § 6.03(b).  Mental culpability may be inferred from a
defendant’s conduct and the surrounding facts and circumstances.  Moore v. State, 969 S.W.2d 4, 10 (Tex. Crim. App. 1998).  

Citing Graves v. State,
Black contends that the bite marks alone are insufficient evidence of abuse. 779 S.W.2d 469 (Tex. App.—El Paso 1989, no pet.) (reversing conviction for injury to child based solely on
evidence of bruising).  We disagree.  Black, an adult male, admitted to Franklin
that he had bitten J.L.F., an eleven-month-old child, while J.L.F. was in his
care.  Dr. Quinonez
observed between seven and eight bite marks on J.L.F.’s body in various stages
of healing.  According to Deputy Dansby, J.L.F.’s injuries covered a large portion of his
body—he had bites “just about anywhere you could think that someone could have
a bite mark.”  Finally, J.F. recounted
that his brother had cried after being bitten. 
This evidence denotes more than bruising of an undetermined origin, and
supports a finding that Black intentionally or knowingly injured J.L.F.  See
Patrick v. State, 906 S.W.2d 481, 487
(Tex. Crim. App. 1995) (en banc) (intent may be inferred from extent of injuries
and relative size and strength of parties); see
also Peterson v. State, 137 S.W.3d 739, 744 (Tex. App.—Houston [1st Dist.]
2004, pet. ref’d) (circumstance of intent included
medical testimony about victim’s injuries and likely reaction); Morales v. State, 828 S.W.2d 261, 263–64
(Tex. App.—Amarillo 1992) (circumstance of intent included evidence of child’s
injuries), aff’d,
853 S.W.2d 583 (Tex. Crim. App. 1993). 
Accordingly, we hold that legally sufficient evidence supports the
jury’s finding that Black intended to injure to J.L.R. by biting him. See Assiter v.
State, 58 S.W.3d 743, 750 (Tex. App.—Amarillo 2000, no pet.) (legally sufficient evidence that father intended to injure
children with paddle).

Alternatively, Black claims that the evidence is insufficient
because it could have been Franklin who bit J.L.F. to “get [Black] in
trouble.”  But Black points to no
evidence in the record suggesting that Franklin caused J.L.F.’s injuries, and the jury chose to accept Franklin and J.F.’s
testimony to the contrary.  He also does
not dispute that, on occasion, J.L.F. was left in his sole care.  See
Johnson v. State, No. 01-06-00402-CR,
2007 WL 2447002, at *4 (Tex. App.—Houston [1st Dist.] Aug.
30, 2007, no pet.) (mem.op., not designated for publication) (observing, “Texas law is
replete with holdings that when an adult defendant has had sole access to a
child at the time [his] injuries are sustained, the evidence is sufficient to
support a conviction for injury to a child.”). 
As the fact-finder, the jury was in a position to evaluate the
credibility of the trial witnesses.  See Peterson,
137 S.W.3d at 745. 
The jury was free to believe or disbelieve all or any part of any of the
witnesses’ testimony.  See Jones v. State, 944 S.W.2d 642, 647
(Tex. Crim. App. 1996); McKinny v. State, 76 S.W.3d 463, 468–69 (Tex.
App.—Houston
[1st Dist.] 2002, no pet.).  As an
appellate court, we are not free to reject evidence as insufficient merely “because
a defendant offers an explanation of the facts that is different from the
explanation offered by the State.”  Peterson, 137 S.W.3d at 745 (citing Russell v. State, 665 S.W.2d 771, 776
(Tex. Crim. App. 1983) (en banc)).

Conclusion

          We conclude that sufficient evidence supports Black’s
conviction for injury to a child.  We
therefore affirm the judgment of the trial court.

 

 

                                                                      Jane
Bland

                                                                      Justice


 

Panel
consists of Justices Bland, Massengale, and Brown.

Do
not publish.   Tex. R.
App. P. 47.2(b).