NUMBER 13-01-241-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

__________________________________________________________________

JOSEPH BERRY, Appellant,

v.


THE STATE OF TEXAS, Appellee.

__________________________________________________________________

On appeal from the 252nd District Court of Jefferson County, Texas.

___________________________________________________________________

O P I N I O N

Before Justices Dorsey, Yañez, and Baird (1)

Opinion by Justice Baird


Appellant was charged by indictment with the offense of attempting to obtain a controlled substance by fraud. The
indictment alleged several prior felony convictions for the purpose of enhancing the range of punishment. A jury convicted
appellant of the charged offense. The trial judge found the enhancement allegations true and assessed punishment at
twenty-five years confinement in the Texas Department of Criminal Justice--Institutional Division. Appellant raises two
points of error. We affirm.

I. Sufficiency Challenges.

The first point of error contends the evidence is legally and/or factually insufficient to support the jury's verdict.

When determining whether the evidence is legally sufficient to sustain a conviction we employ the standard of Jackson v.
Virginia and ask "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of
fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307,
319 (1979). The standard is applicable to both direct and circumstantial evidence cases. See Geesa v. State, 820 S.W.2d
154 (Tex. Crim. App. 1991),overruled in part on other grounds by Paulson v. State, 28 S.W.3d 570, 573 (Tex. Crim. App.
2000).

When we determine whether the evidence is factually sufficient, we employ one of the two factual sufficiency formulations
recognized in Johnson v. State, 23 S.W.3d 1 (Tex. Crim. App. 2000). In cases such as this, where the appellant attacks the
factual sufficiency of an adverse finding on an issue on which he did not bear the burden of proof, the appellant must
demonstrate there is insufficient evidence to support the adverse finding. Id. at 11. Under a factual sufficiency challenge,
the evidence is viewed without the prism of "in the light most favorable to the prosecution," but rather "in a neutral light,
favoring neither party." Id. at 6. A reversal is necessary only if the evidence standing alone is so weak as to be clearly
wrong and manifestly unjust. Id. at 8.

The evidence is undisputed that appellant submitted a forged prescription to a pharmacist. Under the State's theory of
prosecution, appellant stole a prescription pad from his physician whom he had visited earlier that morning, forged the
prescription and asked a pharmacist to fill it. On the other hand, appellant offered an alternative theory: the prescription
pad was stolen by his cousin, who forged the prescription and gave it to appellant to fill. Appellant further testified that he
was illiterate and, therefore, could not have forged the prescription. Appellant contends the evidence is insufficient to
prove he had the requisite intent to obtain the falsely prescribed controlled substance.

Mens rea is a rather difficult element to prove via direct evidence. In a contested case, an accused does not often facilitate
his own conviction by admitting to having the state of mind necessary to support the conviction. Thus, circumstantial
evidence may be used to prove the requisite culpable mental state. Carlson v. State, 940 S.W.2d 776, 779 (Tex.
App.-Austin 1997, pet. ref'd); Morales v. State, 828 S.W.2d 261, 263 (Tex. App.- Amarillo 1992), aff'd, 853 S.W.2d 583
(Tex. Crim. App. 1993). Intent and knowledge can be inferred from the conduct of, remarks by, and circumstances
surrounding the acts engaged in by the accused. Dues v. State, 634 S.W.2d 304, 305 (Tex. Crim. App. 1982); Parramore v.
State, 853 S.W.2d 741, 745 (Tex. App.-Corpus Christi 1993, pet. ref'd).

Appellant personally presented the forged prescription to Joel Greg Roschke, a pharmacist, and asked the price to have it
filled. Roschke became suspicious because he was familiar with the physician whose name appeared on the prescription
but did not recognize the signature. Additionally, Roschke also thought it was unusual that a cardiologist would be
prescribing pain medication. These suspicions caused Roshke to request appellant's driver's license, which he used to
fill-in portions of the prescription. Roshke telephoned the doctor's office and faxed them the prescription. Roshke was
called back and told the prescription was a forgery. Roshke told appellant the prescription was forged and that he had to
keep it. Appellant left the pharmacy. 

We hold that when Roshke's testimony is viewed in the light most favorable to the prosecution, a rational trier of fact could
have found beyond a reasonable doubt appellant had the requisite culpable mental state(s). Jackson, 443 U.S. at 319. 
Further, we find that when his testimony is viewed in a neutral light, the evidence is not so weak that the conviction is
clearly wrong or manifestly unjust. Johnson, 23 S.W.3d at 7. Point of error one is overruled.

II. Improper Impeachment.

The second point of error contends the trial judge erred in not granting a mistrial when the State improperly cross-examined
appellant about his prior felony convictions. The trial judge sustained appellant's objections to the improper questions and
instructed the jury to disregard that testimony. Specifically, the trial judge instructed the jury as follows:

Before we go forward with the testimony. I have to give you an instruction:

You're instructed to disregard any prior testimony given by the Defendant regarding any prior convictions of any offense
which was brought out during the Prosecutor's questions. Such questions and answers were improper and inadmissible and
not to be used by you in anyway in deciding the verdict in this case.

Appellant's request for a mistrial was denied. 

In Miller v. State, 31 Tex. Crim. 609, 21 S.W. 925, 926 (Tex. Crim. App. 1893), the Court held:

. . . when improper evidence has been admitted over objection, it is the proper practice, and may become the duty of the
court, to exclude or withdraw it from the jury, and instruct them to disregard it in finding their verdict. [citations omitted] 
To hold otherwise would be to sanction the doctrine that the court could not cure any error into which it may have fallen by
mistake or inadvertence, and thus render it helpless to rectify errors committed, and the trial a mockery and a farce.

Eight years later, in Hatcher v. State, 43 Tex. Crim. 237, 239, 65 S.W. 97, 98 (Tex. Crim. App. 1901), the Court stated:

[T]he true rule would seem to be that if the admitted testimony is of such a damaging character as to suggest the
impossibility of withdrawing the impression produced on the minds of the jury, and thus curing the error, it will be cause
for reversal; otherwise, if the testimony is not of that damaging character, and not likely to influence the jury, it can be
withdrawn, and the error of its admission thereby cured.

Since these decisions, our law has been clear that except in extreme cases where it appears that the question or evidence is
clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing
the impression produced on their minds, such an error will not call for reversal. Mistrot v. State, 471 S.W.2d 831, 833
(Tex. Crim. App.1971); White v. State, 444 S.W.2d 921, 922 (Tex. Crim. App.1969).

The reasoning for this rule was explained in Gardner v. State, 730 S.W.2d 675, 696 (Tex. Crim. App.1987):

In the vast majority of cases in which argument is made or testimony comes in, deliberately or inadvertently, which has no
relevance to any material issue in the case and carries with it some definite potential for prejudice to the accused, this Court
has relied upon what amounts to an appellate presumption that an instruction to disregard the evidence will be obeyed by
the jury. See 1 R. Ray, Texas Practice, Law of Evidence, § 29 (3rd ed. 1980). Thompson v. State, 612 S.W.2d 925 (Tex.
Crim. App.1981). In essence this court puts its faith in the jury's ability, upon instruction, consciously to disregard the
potential for prejudice, and then consciously to discount the prejudice, if any, in its deliberations.

The testimony in the instant case was not so extreme as to render an instruction to disregard it inefficacious. Therefore, we
hold the trial judge's instruction to disregard the testimony was sufficient to cure the error. Consequently, the trial judge
did not err in denying appellant's request for a mistrial.

The judgment of the trial court is affirmed.





CHARLES F. BAIRD

Justice



Do not publish. Tex. R. App. P. 47.3.

Opinion delivered and filed this the 14th day of March, 2002.

1. Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the Chief Justice of the Supreme
Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).