COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NO.
2-05-0158-CR

 

 

SHARANNA LEE REESE                                                        APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM
THE 355TH DISTRICT COURT OF HOOD COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Sharanna Lee Reese
appeals her conviction for recklessly causing serious bodily injury to a child
younger than fifteen years of age.  The
jury found Appellant guilty and assessed her punishment at ten years= confinement.  The trial court
sentenced her accordingly.  In a single
issue, Appellant contends that the evidence is legally and factually
insufficient to support her conviction. 
We affirm. 

FACTUAL BACKGROUND

In May of 2004, Appellant and
her boyfriend at the time, William Bales, and Appellant=s two children went to Lake Granbury. 
The group traveled to the lake in Appellant=s Ford Probe.  Appellant=s son Rylan, who was ten months old, and her daughter, Shaylee, who
was two years old, played, while, according to Bales, he and Appellant smoked
marijuana and drank a twelve-pack of beer. 

As the sun began to set, a
woman from another campsite invited Appellant, Bales, and the children over to
her campsite.  Bales testified that at
the campsite, he and Appellant continued to smoke marijuana and drink beer with
the five new people they had met. 
Appellant testified that she did not smoke marijuana, nor did she
witness any marijuana being smoked.








They stayed at the campsite
for approximately three hours and then returned to Appellant=s car to sleep.  Bales testified
that the two children were in the backseat, Appellant was in the passenger
seat, and he was in the driver=s seat.  Rylan was acting
restless and was upset and crying. 
Appellant was trying to calm him down from the front seat, but he
continued to cry.  Bales testified that
he could tell that Appellant was getting frustrated and she was swearing under
her breath.  He also testified that he
heard a loud Athud@ from the backseat, Rylan=s cries stopped for a split second, and then he began crying
again.  Three or four days later,
Appellant noticed a soft spot on Rylan=s head, and she and Bales took Rylan to Walls Hospital in
Cleburne.  Rylan was transferred to Cook
Children=s Hospital (Children=s) in Fort Worth. Rylan had suffered a complex skull fracture.

Appellant gave a statement to
police that gave two possible explanations for the injury to Rylan=s head.  She stated that the
injury might have been caused by a fall when Rylan was trying to walk unsupported,
lost his balance, and hit his head on a bookshelf.  She also stated that the injury might have
occurred when her cousin sat Rylan down in a chair, and Rylan flipped over onto
his head.  On June 1, 2004, Appellant
agreed to submit to a polygraph examination. 
Andy Shepard, the polygraph examiner, testified that during the pre-test
interview, Appellant Abegan to
admit that she may have caused the injuries to Rylan=s head by describing an incident that occurred at Lake Granbury.@  A polygraph examination was
never conducted.  After the pre-test
interview, Shepard escorted Appellant to a conference room where she spoke with
a detective, and she gave a second written statement, in which she described
how she Aunintentionally hit [Rylan=s] head on the arm rest@ the night at the lake. 








DISCUSSION

In a single issue, Appellant
contends that the evidence is legally and factually insufficient to support her
conviction for the offense of injury to a child. 

1. Standards of Review








In reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the verdict in order to determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v.
State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).  This standard gives full play to the
responsibility of the trier of fact to resolve conflicts in the testimony, to
weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts.  Jackson, 443 U.S.
at 319, 99 S. Ct. at 2789.  The trier of
fact is the sole judge of the weight and credibility of the evidence.  See
Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Margraves v.
State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency
review, we may not re-evaluate the weight and credibility of the evidence and
substitute our judgment for that of the fact finder.  Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the
evidence in favor of the verdict.  Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

The sufficiency of the evidence
should be measured by the elements of the offense as defined by the
hypothetically correct jury charge for the case.  Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997); Ortiz v. State, 993 S.W.2d 892, 895 (Tex. App.CFort Worth 1999, no pet.).  Such
a charge would be one that accurately sets out the law, is authorized by the
indictment, does not unnecessarily restrict the State=s theories of liability, and adequately describes the particular
offense for which the defendant was tried. 
Gollihar v. State, 46 S.W.3d 243, 253 (Tex. Crim. App. 2001); Malik,
953 S.W.2d at 240.  The law as
authorized by the indictment means the statutory elements of the charged
offense as modified by the charging instrument. 
See Curry, 30 S.W.3d at 404. 
The standard of review is the same for direct and circumstantial
evidence cases.  Burden v. State,
55 S.W.3d 608, 613 (Tex. Crim. App. 2001); Kutzner v. State, 994 S.W.2d
180, 184 (Tex. Crim. App. 1999).








In reviewing the factual
sufficiency of the evidence to support a conviction, we are to view all the
evidence in a neutral light, favoring neither party.  See Zuniga v. State, 144 S.W.3d 477,
481 (Tex. Crim. App. 2004).  The only
question to be answered in a factual sufficiency review is whether, considering
the evidence in a neutral light, the fact finder was rationally justified in
finding guilt beyond a reasonable doubt. 
Id. at 484.  There are two
ways evidence may be factually insufficient: 
(1) when the evidence supporting the verdict or judgment, considered by
itself, is too weak to support the finding of guilt beyond a reasonable doubt;
or (2) when there is evidence both supporting and contradicting the verdict or
judgment and, weighing all of the evidence, the contrary evidence is so strong
that guilt cannot be proven beyond a reasonable doubt.  Id. at 484-85.  AThis standard acknowledges that evidence of guilt can >preponderate= in favor of
conviction but still be insufficient to prove the elements of the crime beyond
a reasonable doubt.@  Id. at 485.  In other words, evidence supporting a guilty
finding can outweigh the contrary proof but still be insufficient to prove the
elements of an offense beyond a reasonable doubt.  Id. 

In performing a factual
sufficiency review, we are to give deference to the fact finder=s determinations, including determinations involving the credibility
and demeanor of witnesses.  Id. at
481; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for the
fact finder=s.  Zuniga, 144 S.W.3d at 482.  








A proper factual sufficiency
review requires an examination of all the evidence.  Id. at 484, 486-87.  An opinion addressing factual sufficiency
must include a discussion of the most important and relevant evidence that
supports the appellant=s complaint
on appeal.  Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003).

2. Applicable Law

The statute under which
Appellant was indicted provides:   

A
person commits an offense if he intentionally, knowingly, recklessly, or with
criminal negligence, by act or intentionally, knowingly, or recklessly by
omission causes to a child, elderly individual, or disabled individual. .
.serious bodily injury. . . .

 

Tex. Penal Code Ann. ' 22.04
(Vernon Supp. 2005).  Appellant was
indicted and convicted for recklessly causing serious bodily injury to a
child.  A person acts recklessly when he
is aware of, but consciously disregards, a substantial and unjustifiable risk
that the circumstances exist or the result will occur.  Tex.
Penal Code Ann. ' 6.03(c)
(Vernon 2003).  The risk must be of such
a nature and degree that its disregard constitutes a gross deviation from the
standard of care that an ordinary person would exercise under all the
circumstances as viewed from the actor=s standpoint.  Id.  Thus, the actor must have been aware of the
risk surrounding his conduct or the result of his conduct, but consciously
disregarded that risk.  Montoya v.
State, 744 S.W.2d 15, 29 (Tex. Crim. App. 1987), cert. denied, 487
U.S. 1227 (1988); Davis v. State, 955 S.W.2d 340, 348-49 (Tex. App.CFort Worth 1997, pet. ref=d). 








Injury to a child is a
result-oriented offense.  Bowden v.
State, 166 S.W.3d 466, 470 (Tex. App.CFort Worth 2005, pet. ref=d).  Thus, it is not enough for
the State to prove that the defendant engaged in the alleged conduct with the
requisite criminal intent; the State must also prove that the defendant caused
the result with the requisite criminal intent. 
Bowden, 166 S.W.3d at 470; Lee v. State, 21 S.W.3d 532,
540 (Tex. App.CTyler 2000,
pet. ref=d).  Proof of a culpable mental
state almost invariably depends upon circumstantial evidence.  Morales v. State, 828 S.W.2d 261, 263
(Tex. App.CAmarillo
1992), aff=d, 853 S.W.2d 583 (Tex. Crim. App. 1993).  Ordinarily, the culpable mental state must be
inferred from the acts of the accused or the surrounding circumstances, which
include not only acts, but words and conduct. 
Ledesma v. State, 677 S.W.2d 529, 531 (Tex. Crim. App. 1984); Morales,
828 S.W.2d at 263.

3. Analysis








The evidence presented
establishes that Rylan suffered a skull fracture.  Dr. Britton M. Devillier testified that the
type of injury that Rylan sustained involved a risk of death.  The evidence presented shows that Appellant
initially gave only two possible causes for the skull fracture to Rylan=s head when officers questioned her at Children=s.  Then, when Appellant was
scheduled to submit to a polygraph examination regarding Rylan=s injury, she provided a third explanation for the injuryCthe incident that occurred at the park at Lake Granbury.  Dr. Devillier also testified that, based on
the type of fracture Ryland sustained, it was more likely than not that his
injury was not caused by falling on the floor or against the bookshelf.

The jury also heard differing
variations of what occurred at Lake Granbury that evening.  Appellant testified she did not smoke
marijuana, while Bales testified that she did. 
She also testified that she was not drunk; however, Bales testified that
she drank more than six beers.  Appellant
testified that they took food with them to the park at Lake Granbury that day,
but Bales testified that they did not bring food because they did not plan on
staying the night there.  Bales testified
that Appellant was angry and frustrated with Rylan and that she laid him in the
seat with a Athud.@  Appellant testified that she
did not remember Bales being in the car with her when she was trying to get
Rylan to go to sleep; however, he testified that he was in the car.  According to Appellant, she laid Rylan down
twice, and each time he got up again, but the third time she laid him down, he
hit his head on the armrest Avery, very lightly.@  Dr. Devillier testified that
the amount of force required to cause the type of injury that Rylan sustained
would be much more force than the child himself could generate in hitting his
head against the armrest, but it could have been caused by someone slamming his
head against the armrest.








In performing our legal
sufficiency review, we must resolve any inconsistencies in the evidence in
favor of the verdict.  Curry, 30
S.W.3d at 406.  We hold that the
evidence, when viewed in the light most favorable to the verdict, supports a
determination beyond a reasonable doubt that Appellant was aware of, but
consciously disregarded, a substantial and unjustifiable risk that an injury
would occur after forcing the child into the backseat.

In performing our factual
sufficiency review, we give deference to the fact finder=s determinations, including determinations involving the credibility
and demeanor of witnesses.  Zuniga,
144 S.W.3d at 481.  When viewed
neutrally, the evidence is not so obviously weak or so greatly outweighed by
contrary proof that it would not support the finding of guilty beyond a
reasonable doubt.  We overrule Appellant=s sole issue. 

CONCLUSION

Having overruled Appellant=s sole issue, we affirm the trial court=s judgment.

PER CURIAM

PANEL
B:  HOLMAN, LIVINGSTON, and DAUPHINOT,
JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  April 20, 2006











[1]See Tex. R. App. P. 47.4.